286 So.2d 182 (1973)
OLYMPIC ELECTRIC SERVICE, INC.
v.
David CRAIG.
No. 5906.
Court of Appeal of Louisiana, Fourth Circuit.
November 30, 1973.
*183 Cronvich & Wambsgans, Richard M. Michalczyk, Metairie, for plaintiff-appellee.
Hartman C. Daniel, Metairie, for defendant-appellant.
Before GULOTTA, STOULIG and BAILES, JJ.
STOULIG, Judge.
This is an appeal from a judgment holding the defendant, David Craig, personally liable for the balance of $332.17 due to the plaintiff-subcontractor, Olympic Electric Service, Inc., for labor and materials furnished under two contracts.[1]
The record establishes that, at defendant's request, plaintiff furnished labor and materials in connection with construction of residences at 546 Topaz Street in New Orleans and 3908 Metairie Court in Metairie. Plaintiff received partial payment on these jobs by checks drawn by Co-Op-Co, Inc., and Lionel Flotte. Co-Op-Co, Inc., was the general contractor on the Topaz Street construction and Delta Ventures, Inc., was the contractor on the Metairie Court job.
Mr. Maurice Roques, president of the plaintiff corporation, denied that the defendant advised him of his representative capacity. He stated that he made no inquiry of the defendant as to whether he was acting in an individual or representative capacity because he was of the opinion that he was doing business with the defendant personally who he believed was the contractor on the construction jobs. Two exhibits introduced by the plaintiff lend credence to Roques' denial that defendant presented himself as a corporate agent. One is a work proposal on the Topaz contract dated February 4, 1969 and the other an invoice dated March 27, 1972[2] for the balance due on these jobs. Both documents are addressed to the defendant individually and were mailed to his residence.
Whether the balances due are corporate debts or individual liabilities of defendant must be determined by ascertaining to whom plaintiff extended credit *184 when the agreement was made. We accept Roques' statement that defendant did not represent himself as a corporate agent when the work was ordered. Further, he was not required to question Craig as to whether he was ordering the job as an individual or in a representative capacity. Rather, if defendant wished to avoid personal liability, it was incumbent on him to disclose his status and identify his principal if he was dealing on behalf of a corporation. See Transport Refrigeration of La., Inc. v. D'Antoni, 281 So.2d 469 (La. App.4th Cir. 1973); Jahncke Service v. Heaslip, 76 So.2d 463 (La.App.Orl.1954).
The fact that Roques acknowledged receiving payment from Co-Op-Co, Inc., and Lionel Flotte is of no moment because, at this time, the work had been performed and the mere fact that these checks had been issued in payment would not serve to substitute the maker of the check for the original contracting party, i. e. Craig.
Defendant argues plaintiff failed to prove the existence of the contract. He further submits that the trial judge erroneously relieved plaintiff of this burden of proof because the defendant in his answer filed a general denial and did not plead, as an affirmative defense, that the plaintiff had not contracted with him in an individual capacity.
The transcript before us records the second trial of this matter. In the original trial, the judge excluded the defendant's evidence tendered to prove that Craig contracted in a representative capacity because this defense was not affirmatively pleaded. However, in the new trial, defendant was permitted to introduce whatever evidence he had available to support this defense. Thus, the deficiency in the first trial was cured.
We do not agree with the defendant's contention that the plaintiff failed to meet the standard of proof required to prove the oral contract. Without discussing or deciding whether the verbal contracts were for more than $500 or less, we note the evidence offered satisfies the stricter requirements of LSA-C.C. art. 2277[3] for proving oral agreements, i. e. the testimony of a credible witness and other corroborating circumstances.
Defendant further submits that even if plaintiff was not informed of defendant's representative capacity, he is legally charged with constructive knowledge of this fact because the building contract on Metairie Court was recorded pursuant to the provisions of LSA-R.S. 9:4801 et seq. We cannot agree with defendant's reasoning. These statutes are designed to protect the reciprocal rights of the owners, contractors, subcontractors, materialmen and laborers involved in private works construction. Even though these statutes may afford certain lien rights to subcontractors, we cannot conclude that every subcontractor, or furnisher of materials or labor on a recorded private works contract is obliged to ascertain from the public records the name of the general contractor. Nor would such knowledge establish an agency relationship between the general contractor and the party procuring the services and materials used in the construction. In fact the very purpose of the statutes is to create a lien right because of the lack of privity of contract between the general contractor and the suppliers. Nor are the rights of the subcontractor restricted to the remedies afforded by the lien statutes, but they are in addition to those conferred under our codal articles governing conventional obligations.
An analysis of the evidence, testimonial and documentary, leads to the conclusion that the defendant does not question the existence of the contracts but only disputes any personal liability thereunder. Further, *185 up to the time of trial the defendant did not, either by responsive pleadings or separate suit, place at issue the balance claimed under the contracts or the quality of plaintiff's workmanship.
We therefore find that defendant was a party to the contracts and that the plaintiff is entitled to the unpaid balance due of $325.62incorrectly stated in the petition as being $332.17.
In passing we note that during the course of trial the defendant alluded to the need to hire another electrical contractor to complete plaintiff's work at a cost of $175. However, he failed to produce the best evidence in corroboration of this fact, i. e. the testimony of the contractor and the paid invoice.
Accordingly, the judgment appealed from is amended to reduce the award from $332.17 to $325.62, and, in all other respects, it is affirmed. Defendant is to pay the cost of this appeal.
Amended and affirmed.
NOTES
[1] The original petition is an action against the defendant for the balance due under an open account; however, the evidence adduced without objection amended and converted the pleadings to an action for the balance due under two electrical subcontracts. LSA-C.C. P. art. 1154.
[2] It should be noted that the instant suit was filed on May 2, 1972.
[3] Plaintiff is a credible witness under this article. King v. Jarvis, 144 So.2d 616 (La. App.4th Cir. 1962) and cited cases. The contract proposals and invoice constitute corroborative evidence.