308 So.2d 534 (1975)
Willie Lee JOHNSON et al.
v.
BANNER CORPORATION.
No. 6470.
Court of Appeal of Louisiana, Fourth Circuit.
February 13, 1975.
*535 Raymond D. Levith, New Orleans, for plaintiffs-appellants.
Deutsch, Kerrigan & Stiles, Charles K. Reasonover, New Orleans, for defendant-appellee.
Before SAMUEL, STOULIG, and BEER, JJ.
BEER, Judge.
This is a suit by four workers for wages allegedly owed them by Banner Construction Corporation for work performed in January and February 1972. Banner subcontracted with Andrews Construction Corporation under an unrecorded, unbonded, piecework type contract to construct homes in its Glendella Subdivision. Banner paid Andrews in full, but Andrews never paid its men. Andrews is now insolvent. Nine similar claims had been previously submitted to Banner and were paid. On April 12, 1972, counsel for plaintiffs submitted these claims, which were not paid and now are the subject of this suit.
The trial court denied the claims. We affirm.
Appellants allege four reasons for reversal of the trial court:
1) The doctrine of equitable estoppel should apply to their claims because the first nine were paid on the basis of affidavits similar to those filed on behalf of the unpaid four (one claim was dropped by stipulation).
2) LSA-R.S. 23:631 and 632 should apply to an owner-general contractor as an "employer of laborers" and therefore plaintiffs are entitled to penalties as a result of Banner's willful failure to pay;
3) LSA-R.S. 9:4812 provides that an owner is liable for the wages of laborers who are working for a subcontractor under an unrecorded contract between the subcontractor and the principal; and
4) The definition of "statutory employer" under LSA-R.S. 23:1061 et seq. should be extended to include employees who find themselves in the present situation.
Banner received the original request for payment to the nine other Andrews' employees on February 28, 1972. Banner, apparently realizing that those Andrews employees would file liens against the property, paid them. The subsequent request for payment to the plaintiffs was not made until April 12, 1972, apparently after the expiration of the lien period. Banner's earlier action was doubtlessly based upon their correct belief that they had a potential legal obligation to the first group. We do not agree that because of this Banner should be equitably estopped from refusing to pay the second group if, indeed, the legal situation vis-a-vis the second group, had changed. The doctrine of equitable estoppel must be employed very cautiously and only when it is clearly applicable. See: American Bank & T. Co. v. Trinity Universal Ins. Co., 251 La. 445, 205 So.2d 35 (1967).
LSA-R.S. 23:631 requires an employer to pay his employees within 24 *536 hours after termination of employment. R.S. 23:632 provides that any employer who fails to comply with the provisions of R.S. 23:631 shall be liable to the employee for penalties. The jurisprudence has interpreted these statutes as being penal in nature and therefore they must be strictly construed, Mitchell v. Fein, 281 So.2d 463 (La.App. 4th Cir. 1973), Collins v. Joseph, 250 So.2d 796 (La.App. 4th Cir. 1971). Because these statutes are strictly construed, the definition "anyone employing laborers" in the first sentence of 23:631 cannot be interpreted to apply to Banner. The plaintiffs themselves testified that they were working for Andrews.
LSA-R.S. 9:4812 grants an in rem right of action which authorizes the filing of a lien against an owner's property by laborers where work has been done without a contract or the contract is unrecorded. Within 60 days after the last furnishing of labor, the lien may be filed. A laborer must, thereafter, bring suit within one year of such filing to protect his lien right. It is clear from the cases interpretating 9:4812 that a plaintiff has the burden of proving that the lien was filed within 60 days of completion, Hicks v. Tate, 7 So.2d 737 (La.App. 1st Cir. 1942), Weaks Supply Co. v. Gulf Refining Co., 180 So. 883 (La.App. 2nd Cir. 1938). Unless the lien is filed there is no means by which the laborer can avail himself of the provisions of R.S. 9:4812. The record does not show that any liens were ever filed in connection with these claims nor is there any evidence to show that the time for such filing had not expired. Plaintiffs failed to even introduce evidence on this issue much less carry the burden of proof.
Plaintiffs contend that the definition of "statutory employer" in LSA-R.S. 23:1061 et seq. (Louisiana Workmen's Compensation Statute) applies by analogy in a suit for wages. This statute designates the general contractor as the "statutory employer" of the subcontractor's employees to prevent an employer from avoiding his workmen's compensation responsibilities. No Louisiana court has ever sanctioned an analogy of these statutes to claims for wages and we find absolutely no basis upon which we should take this drastic step.
After trial on the merits the district court stated, "Plaintiffs were not certain as to either the job location or the period of employment, and there were no records submitted in support of their claim. ... plaintiffs did not prove their contentions by a preponderance of the evidence." We agree.
For all of the foregoing reasons, the judgment of the district court is correct and is affirmed. Costs to be paid by appellant.
Affirmed.