330 So.2d 626 (1976)
LAGNIAPPE OF NEW ORLEANS, LTD.
v.
Herbert DENMARK and Elma Denmark d/b/a Courtyard Curio Shoppe and Courtyard Curio Shoppe, Inc.
No. 7389.
Court of Appeal of Louisiana, Fourth Circuit.
April 13, 1976.
Favret, Favret & Demarest, J. Paul Demarest, New Orleans, for plaintiff-appellee.
Foti, Hartley & Pettingill, Leroy A. Hartley, New Orleans, for defendants-appellants.
Before REDMANN, MORIAL and BEER, JJ.
MORIAL, Judge.
Defendants, Herbert Denmark and Elma Denmark d/b/a Courtyard Curio Shoppe and Courtyard Curio Shoppe, Inc., appeal from a judgment holding them personally liable for the sum of $271.57 due on open account to plaintiff, Lagnaippe of New Orleans, Ltd.
The single issue now before us is whether the trial court erred in holding the Denmarks, rather than the now defunct Courtyard Curio Shoppe, Inc., liable for the unpaid obligation.
An examination of the record reveals that Mr. and Mrs. Denmark operated the Courtyard Curio Shoppe for several years as a proprietorship until they incorporated it on March 20, 1974. In June of 1974 Sandra Broussard, plaintiff's representative and part owner, called on the shop in order to sell some merchandise. She spoke with Mrs. Denmark who thereafter placed an order. Mrs. Broussard testified that for all subsequent orders, up to and including the final order placed on November 5, 1974, she dealt solely with Mrs. Denmark and that she assumed Mrs. Denmark owned the business.
Plaintiff contends that at no time throughout the business relationship with Courtyard Curio Shoppe was it, or its representative, *627 ever made aware of the store's corporate status. In support of this claim, plaintiff cites documents showing that all invoices to defendants bore only the name "Courtyard Curio Shoppe." Further, plaintiff notes Mr. Denmark's testimony that he had not changed the sign outside of the business after the incorporation and that until the time the business closed the sign read "Courtyard Curio Shoppe."
The jurisprudence of this state is clear to the effect that if an agent acting on behalf of a corporation wishes to avoid personal liability, he must disclose his status as agent and identify his principal. Olympic Electric Service, Inc. v. Craig, 286 So.2d 182 (La.App. 4 Cir. 1973); Transport Refrigeration of La., Inc. v. D'Antoni, 281 So.2d 469 (La.App. 4 Cir. 1973). It is also well established that the one asserting the agency relationship bears the burden of proving disclosure. Chartres Corporation v. Twilback, 305 So.2d 730 (La.App. 4 Cir. 1974).
Defendants assert that plaintiff was or should have been aware of the corporate status due to its receipt of a check dated October 28, 1974 bearing the word "Inc." after the name Courtyard Curio Shoppe. We consider this to be of little significance in light of the fact that this was the first payment ever received from defendants and that it was dated only seven days before plaintiff's final business transaction with defendants. Furthermore, it has been held that mere acceptance of a corporate check is not sufficient to put one on notice that he is dealing with a corporation rather than with an individual. Jahncke Service v. Heaslip, 76 So.2d 463 (La.App.Orl. 1954).
From our consideration of the facts before us, we conclude that it was reasonable for plaintiff to believe that it was transacting business with an unincorporated entity. Defendants made no attempt to disclose their corporate status and thus have clearly failed to sustain their burden of proof. Accordingly, the trial court did not err in holding the Denmarks personally liable.
The judgment of the trial court is affirmed. Defendants are to pay all costs.
AFFIRMED.
REDMANN, J., dissents.
REDMANN, Judge (dissenting).
First, Herbert Denmark ordered nothing from plaintiff. Plaintiff's saleslady so testified. He cannot be liable on any theory that he ordered without disclosing that he acted for a corporation.
Second, Elma Denmark is not liable because plaintiff's saleslady sold, extended credit, and billed to "Courtyard Curio Shoppe". The saleslady knew that she was not selling to Elma Denmark. At all times of sales by plaintiff to Courtyard Curio Shoppe, it was operated by a corporation.