CULPEPPER, Judge.
This is an appeal from a judgment sustaining an exception of no right of action. The plaintiff, Turnkey Constructors, Inc., is a subcontractor seeking recognition and enforcement of a lien filed by it for labor and material furnished in the construction of an apartment complex owned by the defendant, Dewey, Cheatum & Howe. Also named as defendants are the general contractor on the construction project, North American Contracting Corporation, and its president, R. L. Saucier, Jr. The trial court sustained defendants’ exception of no right of action on the grounds that there was no contract between plaintiff corporation and defendants. Plaintiff appealed.
The issue is whether the corporate subcontractor which furnished labor and material on the construction project has a right of action to enforce a lien under the terms of our Private Works Act, where it had no contract in its corporate name with the owner or the general contractor.
Plaintiff corporation filed a lien in the amount of $15,661.37 on June 13, 1973 representing labor and material which it furnished for construction of the apartment complex in Lafayette. This is a suit for recognition and enforcement of that lien. Defendants filed an exception denominated “No Right Of Action” on the grounds that no contract existed between plaintiff corporation and defendants. In support of their argument, defendants point to a written contract dated September 10, 1971 between defendant general contractor and Jerry German and John Gibson, d/b/a Turnkey Construction, whereby they agreed to perform carpentry work at the construction project. Turnkey Construction Company was the predecessor of plaintiff, Turnkey Constructors, Inc. Plaintiff corporation was not formed by Gibson and German until October 4, 1971. The corporation’s existence began when the Articles of Incorporation were filed with the Secretary of State on October 27, 1971. Defendants argue that Gibson and German are the only proper parties plaintiff to bring this action for enforcement and recognition of the lien. We do not agree.
The function of the peremptory exception of no right of action is to provide a special device for terminating a suit brought by one without the legal capacity to file it or without the legal interest to assert it. Guillory v. Nicklos Oil & Gas Company, 315 So.2d 878 (La.App. 3rd Cir. 1975). There being no question that plaintiff corporation has the legal capacity to file this suit, our inquiry is whether plaintiff corporation has a legal interest in the subject matter of this litigation. Since this is a suit under our Private Works Act to enforce a lien for labor and material furnished at a construction project, we look to the provisions of that act to determine whether plaintiff has a legal interest in this suit.
LSA-R.S. 9:4801, A, provides in pertinent part: “Every . . subcontractor who performs work or furnishes material for the erection, construction, repair or improvement of immovable property . with the consent or at the request of the owner thereof, or his authorized agent or representative or of any person with whom the owner has contracted for such work, has a privilege for the payment in principal and interest of such work or labor performed or the materials furnished.”
Similarly, LSA-R.S. 9:4812 provides that when the owner, or his authorized agent, undertakes the work of construction “any person furnishing service or material or performing any labor on the building or other work” may file a lien to preserve a privilege on the subject property as his interest may appear. Thus, the persons entitled to file liens under the terms of the act are those who have furnished service or material or performed labor at the jobsite with the consent or at the request of the owner or his authorized agent. There is no *1341 requirement that the furnisher of service, labor or material enter into a formal contract with the owner, his authorized agent, or the general contractor.
Documentary evidence introduced at the hearing of the exception of no right of action showed conclusively that the carpentry work performed by Turnkey Constructors, Inc. was done with the full knowledge and consent of both the owner of the subject property and his general contractor. R. L. Saucier was president of both Dewey, Cheatum & Howe, Inc. (the owner), and North American Contracting Corporation (the general contractor). Saucier’s signature appears on checks made payable to Turnkey Construction Company, Inc. and Turnkey Constructors, Inc. for work performed by the corporation on the subject property in 1971 and 1972.
In addition, a number of the checks are endorsed in the name of Turnkey Constructors, Inc. Turnkey submitted its itemized statements for invoices to Saucier for work performed on the apartment project on its own company letterhead which bore the name, “Turnkey Constructors, Inc.” It is clear from this documentary evidence that the owner and its general contractor had full knowledge and gave full consent to plaintiff corporation furnishing labor and material at the construction project.
Since plaintiff proved it furnished labor and material at the jobsite with the full knowledge and consent of both the owner and general contractor, it is entitled under the terms of our Private Works Act to recognition and enforcement of the full amount of its lien. The written contract of September 10, 1971 between John Gibson and Jerry German, d/b/a Turnkey Construction Company, and North American Contracting Corporation, is therefore irrelevant to a determination of the issues presented by the present case. Accordingly, we hold that Turnkey Constructors, Inc. does have a right of action to assert its claims for a privilege on the subject property-
Our recent decision in City Bank & Trust Company v. Caneco Construction, Inc., 342 So.2d 1331 is relevant to a discussion of the issues presented in the present case. The issue presented there was whether a contractor, whose employees performed work on a construction project, can file a lien in its own name for the labor it supplied through its employees. In Caneco, the plaintiff-mortgagee cited Pringle-Associated Mortgage Corporation v. Eanes, 254 La. 705, 226 So.2d 502 (1969) as support for the argument that only the laborer himself could file a lien for labor performed at the jobsite. We distinguished the Pringle case and held that a contractor furnishes services when he supplies labor at a jobsite and is therefore entitled under the terms of LSA-R.S. 9:4812 to a privilege on the property by timely and properly filing a lien. In the present case, therefore, plaintiff corporation did have a right to file a lien for labor performed by its employees at the construction site.
For the reasons assigned, the judgment appealed is reversed and set aside. The exception of “No Right Of Action” is overruled. This case is remanded to the district court for further proceeding in accordance with law and the views expressed herein. All costs of this appeal are assessed against the defendants-appellees.
REVERSED AND REMANDED.