395 So.2d 940 (1981)
R. H. S. (RACING HEAD SERVICE), Plaintiff-Appellee,
v.
Wiley FALLON d/b/a A & F Automotive, Defendant-Appellant.
No. 14464.
Court of Appeal of Louisiana, Second Circuit.
February 16, 1981.
Writ Refused April 27, 1981.
Robert W. Raley, Bossier City, for defendant-appellant.
Burnett & Frederickson by Gerald L. Burnett and John F. Frederickson, Shreveport, for plaintiff-appellee.
Before PRICE, HALL and MARVIN, JJ.
HALL, Judge.
Plaintiff, R.H.S. [Racing Head Service], sued Wiley Fallon d/b/a/ A & F Automotive for $2,643.98, the balance due on an open account. Defendant contended that the purchases were made on behalf of A & F Automotive, Inc., a Louisiana corporation whose president is defendant Fallon. The trial court found Fallon personally liable for the debt because of his failure to disclose his agency status when he secured a line of credit with plaintiff. We affirm.
A & F Automotive, Inc. was incorporated in June 1977. Wiley Fallon and Sheri Anthony are the sole stockholders. In August 1977, Fallon contacted plaintiff to secure a *941 line of credit for the corporation. Fallon testified that he spoke on the telephone with a woman in plaintiff's credit department and told her several times that he was acting for the corporation in trying to secure the line of credit. Plaintiff's president testified that he spoke with Fallon over the telephone and, at all times, thought he was dealing with Wiley Fallon d/b/a/ A & F Automotive, a noncorporate proprietorship.
After these telephone conversations, plaintiff sent Fallon a credit application customarily sent to partnerships or sole proprietorships. Fallon's wife or Sheri Anthony filled out the application and gave it to Fallon to sign. On the application, which was filed into evidence, the name of the business seeking credit is listed as "A & F Automotive;" the owners are listed as "Wiley Fallon and Sheri Anthony." Fallon's signature is found in the place provided for the "owner's signature." In short, there is no indication of the corporate nature of A & F Automotive or that Fallon signed in any capacity other than as the owner of the business.
Plaintiff's president testified it is standard company policy when dealing with a closed corporation to get personal guarantees from the shareholders for the debts of the corporation. Had the credit application submitted by Fallon revealed the corporate status of A & F Automotive, Inc., plaintiff would have required guarantees from Fallon and Anthony that they would be personally responsible for the corporation's debts to plaintiff. The fact that such guarantees were not secured bolsters the testimony of plaintiff's president that he thought he was dealing with Wiley Fallon d/b/a/ A & F Automotive. Additionally, plaintiff filed into evidence a number of invoices sent by plaintiff which were addressed to A & F Automotive rather than A & F Automotive, Inc.
In an attempt to counter this testimony, Fallon testified that he revealed the corporate nature of his business when he initially spoke with plaintiff's credit manager. Fallon also testified that he had some correspondence with plaintiff, in which he used the corporation's stationery with letterhead bearing the name A & F Automotive, Inc. Additionally, Fallon testified that all checks sent to plaintiff in payment of merchandise received carried the corporate name, A & F Automotive, Inc. Fallon argues from this that plaintiff was put on notice that it was dealing with a corporation and not with Fallon individually.
It is well established that to avoid personal liability an agent acting on behalf of a corporation must disclose his agency status and identify his principal. Lagniappe of New Orleans, Ltd. v. Denmark, 330 So.2d 626 (La.App. 4th Cir. 1976); Three Rivers Hardwood Lumber Co. v. Gibson, 181 So. 607 (La.App. 2d Cir. 1938). The trial court determined that the reasonable and appropriate time to make this disclosure was when the credit application was submitted. This is correct. In order to determine whether the balance sued for is a liability of the corporation or of Fallon individually, it is necessary to determine to whom plaintiff extended credit. The credit application is the best evidence from which to make this determination.
The credit application reveals that credit was extended to A & F Automotive, Wiley Fallon, owner. There is no indication that Fallon was acting as an agent for a corporation. Therefore, it was reasonable for plaintiff to conclude that it was extending credit to Wiley Fallon doing business as A & F Automotive. Fallon is personally liable for the debt.
For the reasons assigned, the judgment is affirmed. Costs of this appeal are assessed to the defendant-appellant.
Affirmed.