CULPEPPER, Judge.
This is a suit by a laborer against a subcontractor and a general contractor for past due wages in the sum of $3,136 and penalties and attorney’s fees. The trial court rendered judgment against McCullough & Associates, Inc., the general contractor, for the amount of past due wages, legal interest, plus penalties in the amount of $12,960, and attorney’s fees in the sum of $1,043.33, under authority of LSA-R.S. 23:631. Additionally, McCullough was cast *1272 for $50 costs of recording the lien. There was no judgment taken against the subcontractor, Colgrove Construction Company, and that matter is still pending. From this judgment, McCullough & Associates, Inc. has appealed.
There are two issues. The first is whether the general contractor, McCullough & Associates, Inc., was an employer within the meaning of R.S. 23:631 and therefore liable for penalties and attorney’s fees in addition to the past due wages. McCullough stipulated prior to trial that if plaintiff proved his demand for wages against Colgrove Construction Company, then McCullough was liable for the amount of past due wages. However, McCullough reserved all rights on its liability for penalties and attorney’s fees under R.S. 23:631 and 632 and submitted written briefs on that issue.
If we overturn the holding of the trial court, there will be a second issue, i.e., whether McCullough is liable for 10% attorney’s fees under LSA-R.S. 38:2246.
There is no factual dispute as to who actually employed the plaintiff. In the laborer’s lien which plaintiff recorded with the clerk of court for Evangeline Parish and which is attached to his petition, he states that he was an employee of Colgrove Construction Company who was a subcontractor of McCullough Contracting Company, Inc. His testimony at trial is identical. He makes no claim that McCollough was his diréct employer.
Plaintiff claims he is entitled to penalties and attorney’s fees under LSA-R.S. 23:631 which states:
“Upon the discharge or resignation of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, not later than three days following the date of discharge or resignation.”
LSA-R.S. 23:632 outlines the penalties for anyone failing to comply with the previous section. It states that the employer who fails or refuses to comply with the above statute shall be liable to the employee, either for 90 days’ wages at the employee’s daily rate of pay, or else for full wages from the time the employee’s demand for payment is made, until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is lesser. Additionally, reasonable attorney’s fees are to be allowed the laborer, in the event a well-founded suit for unpaid wages is filed to collect the amounts due after the 3-day period.
These statutes are penal in nature and should therefore be strictly construed. Mitchell v. Fein, 281 So.2d 463 (La.App. 4th Cir.1973) and Mitchell v. First National Life Insurance Company of Louisiana, 109 So.2d 61, 236 La. 696 (La.1959).
LSA-R.S. 23:631 and 632 refer specifically to the “employer.” In this ease, it is undisputed that Colgrove Construction Company was the employer of the plaintiff. McCullough & Associates, Inc. was not the employer, although it admits it is liable to plaintiff under the Public Works Lien Statute, LSA-R.S. 38:2241-2247, for any wages due from its subcontractor, Colgrove.
Johnson v. Banner Corporation, 308 So.2d 534 (La.App. 4th Cir.1975) held in a similar case that a contractor who was liable to a laborer employed by a subcontractor for wages was not an employer within the meaning of R.S. 23:631 and, therefore, the plaintiff was not entitled to penalties and attorney’s fees under LSA-R.S. 23:631. We agree.
Additionally, we note that no demand was ever made in the present case upon McCullough for payment pursuant to La. R.S. 23:631. The notice was sent only to Colgrove.
We now turn to the issue of whether plaintiff is entitled to attorney’s fees under LSA-R.S. 38:2246 which states:
“After amicable demand for payment has been made on the principal and surety and thirty days has elapsed without payment being made, any claimant recover *1273 ing the full amount of his recorded or sworn claim whether by concursus proceeding or separate suit, shall be allowed ten percent attorney’s fees which shall be taxed in the judgment on the amount recovered.”
Amicable demand was made upon McCullough. Plaintiff testified that he orally contacted a representative of McCullough and did mail McCullough his statements for past due wages, which are a part of the record. The mailing of these statements was amicable demand. McCullough responded with a letter to the plaintiff dated December 5, 1980, stating that he would be paid as soon as some other documents were received from the subcontractor, Colgrove. The date of the letter of demand to Col-grove was October 16, 1980.
We conclude McCullough is liable for 10% attorney’s fees under LSA-R.S. 38:2246, i.e., the sum of $313.60.
During trial, the court asked plaintiff’s attorney whether he wanted to prove up his default against Colgrove Construction Company, who never filed an answer. He stated that things are “still up in the air” with regard to Colgrove. Thus, the question of whether Colgrove Construction Company is liable for penalties and attorney’s fees under 23:631 and 632 is not before us.
For the reasons assigned, the judgment appealed is reversed and set aside and is recast as follows: It is ordered, adjudged and decreed that there be judgment herein in favor of the plaintiff, Willie Beaty, and against the defendant, McCullough & Associates, Inc., in the full sum of $3,136, plus legal interest thereon from date of judicial demand until paid, and attorney’s fees in the sum of $313.60 and the sum of $50 representing the cost of preparing and recording the labor lien. All costs in the trial and appellate courts are assessed against the plaintiff-appellee.
REVERSED AND RECAST.