DUFRESNE, Judge.
William M. Justice, Clerk of Court of Jefferson Parish and defendant-appellant here, brings this appeal from a judgment rendered against him in the amount of $3,334.90 for negligent cancellation of a ma-terialman’s lien filed by Cole Manufacturing Company, plaintiff-appellee. Because we find that plaintiff failed to prove by a preponderance of the evidence that the lien affidavit was timely filed so as to perfect a valid privilege under the provisions of former La.R.S. 9:4812 (now La.R.S. 9:4822), we hold that no liability resulted for negligent cancellation of this unproved privilege. We therefore reverse the judgment of the lower court.
The facts of the case are as follows. On February 21,1978, Cole filed a lien affidavit in the clerk’s office which set forth that it had delivered materials to Cumberland Homes, Inc., and its owner, George Fee, for construction of several homes in a Kenner subdivision. Subsequently, Cole filed a partial release of the lien as to two of the homes, but the deputy clerk of court inadvertently cancelled the lien as to all of the remaining properties. These latter properties were later sold at public auction, and the erroneously cancelled lien was not paid.
Cole thereupon brought suit against Cumberland and Fee on open account, and against Justice for negligent cancellation of the lien. By the time of trial, Fee had been adjudged bankrupt, and Cumberland was apparently insolvent. Cumberland and Fee failed to appear at trial and a default judgment was rendered against them. Justice was held to be secondarily liable for the amount of the improperly cancelled lien. Only Justice appeals here.
The only two issues which need be resolved here are whether the lien affidavit was timely filed so as to create an enforceable privilege, and if not, whether defendant can be held liable for negligently can-celling it.
Under former La.R.S. 9:4812, a materialman’s privilege on an immovable was perfected by filing in the public records a lien affidavit within 60 days of the last delivery to, or performance of labor on, the jobsite, whichever occurred latest, McGill Corp. v. Dolese Concrete Co., 201 So.2d 125 (La.App. 1st Cir.1967). The jurisprudence is settled that a materialman bears the burden of proving the timeliness of this filing, La. Brick and Tile Corp. v. Browning, 343 So.2d 311 (La.App. 2nd Cir.1977). In the present case, Cole has simply not met that burden.
The lien affidavit was filed on February 21, 1978. This means that for the lien to have been valid, the last furnishing of materials or performance of labor must have occurred on or after December 23, 1977. Plaintiff admitted in answers to interrogatories, at trial, and in brief here, that the last delivery of materials was made on December 14, 1977. Therefore, the validity of the lien necessarily depended on proof that labor was performed on the properties as late as December 23rd. Our review of the record reveals that no such proof was ever presented at trial.
Plaintiff contends to the contrary that it presented testimony that work was going forward at least as of its last delivery of materials on December 14th (we add parenthetically that this is plaintiff’s only evidence as to work after December 14th), and asserts that it is reasonable to conclude therefrom that it must have taken until at least December 23rd to incorporate those materials into the houses. What plaintiff asks is that we surmise that this must have been the case, but this we cannot do in the complete absence of any other evidence to that effect. Indeed, were the burden of proof reversed, and were we to surmise that because of the apparent failure of Cumberland and the bankruptcy of Fee, the project *1209 must have been abandoned on December 15th, we have no doubt that plaintiff would vehemently and correctly object that such a musing is not a conclusion supported by a preponderance of the evidence.
We therefore find that plaintiff has failed to carry its burden of proving that its lien affidavit was timely filed and that a valid privilege was thereby perfected.
The remaining issue is whether negligent cancellation of an unenforcable lien creates any liability on the part of the clerk. We conclude that it does not. While we find no case which has addressed this specific issue, we do find support for the rule that a party seeking damages for a clerk’s negligence must prove that he suffered damages thereby, Installment Plan, Inc. v. Justice, 209 So.2d 68 (La.App. 4th Cir.1968).
Here, plaintiff seeks to recover an amount allegedly lost through erroneous cancellation of an unenforceable privilege. Had the lien not been removed, any party buying the property could have successfully refused to honor it, and therefore plaintiff would still have suffered this loss. Plaintiff might well argue that had the lien appeared, it would probably have been paid unquestioningly by the'buyer. However, speculation that a third party might have honored an unenforceable obligation is insufficient to establish liability for wrongful cancellation of an alleged privilege which was not shown here to have legal effect.
For the foregoing reasons, the judgment of the lower court holding William Justice, Clerk of Court of Jefferson Parish, liable to plaintiff for $3,334.90 for negligent cancellation of a lien is hereby reversed. All costs of this appeal to be paid by plaintiff-appel-lee.
REVERSED.
KLIEBERT, J., concurs with reasons.