DUFRESNE, Judge.
This appeal arises from a judgment awarding plaintiff, Orleans Onyx, Inc. $5,000.00 for unjust enrichment against defendant, Edward G. Brennan.
The undisputed facts in this matter are that Mr. Brennan, the owner of the premises at # 8 Chateau Haut Brian, Kenner Louisiana, entered into an oral agreement in March 1980, with Mr. Charles Buchanan for the sale of the said property for the price of Four Hundred Thirty Thousand and 00/100 Dollars ($430,000) cash. As part of that agreement, Mr. Brennan agreed to allow certain alterations to the residence.
On or about June 2, 1980, after extended negotiations in preparation of design and drawings, the prospective purchaser, Mr. Buchanan, entered into a contract with Orleans Onyx, Inc., d/b/a Ortego Onyx of New Orleans, for the furnishing and installation of certain cultured onyx products in the bathrooms of the premises.
The contract between the parties provided for a 50 percent deposit prior to the commencement of work, which was satisfied by Mr. Buchanan’s payment of the sum of Nine Thousand Nine Hundred and 00/100 Dollars ($9,900) on June 11, 1980.
On or about July 25, 1980, upon completion of the installation, Orleans Onyx, Inc. invoiced Mr. Buchanan for the balance due and received his company’s check in the sum of Ten Thousand Two Hundred Nineteen and 50/100 Dollars ($10,219.50). This check was dishonored by the drawee bank by reason of an “informal signature”, and was never redeemed by Mr. Buchanan.
Thereafter, counsel for Orleans notified Mr. Buchanan and Mr. Brennan of the filing of a lien and privilege affidavit, by letter dated September 3, 1980. The lien affidavit was recorded in the mortgage records for the Parish of Jefferson on September 4, 1980, within 60 days after the completion of the installation, all in accordance with the provisions of LSÁ-R.S. 9:4801, et seq.
Mr. Buchanan never completed the sale of the residence from appellee and is presently serving a sentence in the Federal penitentiary on unrelated fraud charges.
On November 6,1980, appellant filed suit against Charles Buchanan, Lacisco, Inc. and Edward G. Brennan, to preserve its materialman’s lien and privilege, and for damages for breach of contract, and any other equitable relief. Appellant sought the remaining balance owed in the amount of Ten Thousand Two Hundred Twenty-Four and 50/100 Dollars ($10,224.50), with legal interest thereon from judicial demand until paid, 25 percent attorney’s fees and *600 all costs of the proceedings. Edward Brennan reconvened against appellant for damages in the amount of Four Thousand Five Hundred and 00/100 Dollars ($4,500).
Ultimately, default judgments were confirmed against defendants, Charles Buchanan and Lacisco, Inc., in the above amounts which remain unpaid.
After trial against the remaining defendant, Edward G. Brennan, the trial judge held that the lien against Mr. Brennan was unenforceable for lack of privity, authorization or consent. Further, Mr. Brennan’s reconventional demand was dismissed with prejudice, and Orleans’ suit against Mr. Brennan was dismissed.
Orleans appealed the trial court’s judgment on the grounds that the trial court erred in holding the lien in favor of Orleans unenforceable and that Brennan was unjustly enriched at the expense of Orleans.
In Orleans Onyx Inc. v. Buchanan, 428 So.2d 841 (La.App. 5th Cir.1983) the Court of Appeal affirmed the judgment of the trial court holding the lien unenforceable, but reversed that portion of the judgment denying Orleans’ claim for unjust enrichment. The case was remanded back to the trial court for a determination of the amount owed to Orleans.
On remand, after hearing the evidence and the arguments of counsel, the trial court found that Mr. Brennan had benefited by the completion of the bathrooms at Orleans’ expense and therefore awarded judgment in favor of Orleans in the amount of $5,000.00.
Orleans appeals this judgment urging that we increase the award of the unjust enrichment to the full amount of its claim of $10,219.50.
Brennan has cross appealed and urges that we reverse the judgment of the trial court since his property has not been enhanced in value or in the alternative that the award for the plaintiff be reduced to $2,700.00.
The trial judge did not give any reasons for his judgment but did indicate that the court
“being aware that each party sustained loss and that a finding of unjust enrichment is purely an equitable remedy, and further being of the opinion that the defendant Brennan, despite the aesthetic misgivings, has benefited by the completion of bathrooms at plaintiff’s expense.”
Although we cannot determine exactly how the court arrived at the figure of $5,000.00, it seems to be an equitable and realistic award and we so affirm the judgment.
The record indicates that after Brennan was unable to sell the house due to Buchanan’s difficulty, he moved into the house himself. Brennan and his wife further testified that they do not like the bathrooms since they are too “flashy and gaudy”. This opinion is also supported by the testimony of Ms. Annette Carter, the interior designer who helped the Buchan-ans in their selection of bathroom fixtures. She stated that although she pointed out that the fixtures were not compatable with the style of house — “he insisted, and we gave him what he wanted.”
Carter testified that the home is a plantation style, antebellum home and the bathrooms have been designed and furnished with non-compatible fixtures.
Orleans wants to receive full payment for the amount owed on the work they performed. We disagree.
Although they have suffered an impoverishment or loss and Brennan has received an enrichment under the theory of action de in rem verso; Brennan now has a home with bathrooms which he does not like and must make some future alterations to adapt to his taste.
Action de in rem verso is an equitable remedy and accordingly, the trial judge must attempt to balance the equities in determining an award here.
Brennan testified that although the work in the three bathrooms performed by Orleans cost $20,119.50, he could have completed the work as he originally designed *601 for $4,500-$5,000. In fact, in order to accommodate the work by Orleans, he expended $2,250 to prepare the bathrooms to receive the fixtures selected by Buchanan.
The judgment as rendered by the trial judge is most equitable. Orleans has not received full payment, however, Brennan either must live with bathrooms he considers “flashy and gaudy” and with aesthetic misgivings or expend • additional funds to renovate them.
Accordingly, the judgment of the trial court is affirmed. All costs of appeal to be divided equally between the parties.
AFFIRMED.