FORET, Judge.
Plaintiff, Domengeaux’s Lumber Depot, Inc. (Domengeaux), sued Mr. and Mrs. D.J. Speyrer for $3,631.96 allegedly due on an open account for lumber and materials used in the construction of an addition to defendants’ mobile home. The defendants filed a third party demand against one O.J. Savoie, which was later severed from the main demand as Savoie was unable to participate in these proceedings because of illness. (Savoie has subsequently died.)
The trial court rendered judgment against the plaintiff, finding that there was no privity of contract between plaintiff and the defendants, and that a tender of partial payment by the defendants was “as much suggestive of a desire to avoid trial as an admission of liability.” Plaintiff has appealed.
The scenario here is that sometime in 1982, the defendants, desiring to construct an addition to their mobile home, contacted their friend and Mrs. Speyrer’s cousin, one Odell Savoie, to assist them in this matter for the reason that Savoie had done the same to his own home by adding two rooms thereto. Savoie secured bids from plaintiff as well as two other firms. Plaintiffs bid was a little higher due to the availability of credit. Therefore, Savoie, needing a credit arrangement, arranged to buy materials *1092 from Domengeaux. There was apparently a subsequent dispute as to whether or not Savoie was doing the work satisfactorily to the Speyrers. However, that is not a relevant factor in the disposition of this case. At any rate, apparently Savoie stopped working on the job, and he failed to pay Domengeaux. The latter then filed suit against the Speyrers, designating its suit as one on open account and praying for attorney’s fees as for a suit on open account.
After trial on the merits, the trial court rendered reasons for judgment as follows in a letter to both attorneys dated January 2, 1985:
“No contract existed between the parties. Defendants emphatically deny any privity; plaintiffs manager-owner and chief witness testified that he ‘just assumed’ an agreement. Under the peculiar circumstances of this case, I do not believe that defendants’ actions with regard to the $2,500 check absolutely bound them or worked an estoppel to deny liability as an original proposition. Defendants knew they owed someone. Their action in this regard is as much suggestive of a desire to avoid trial as an admission of liability.
“Defendants’ answer asserts the $2,500 was payment for the account of Savoie. The authority cited by plaintiff that one cannot deny a contract and also plead payment is not in point.”
We have little difficulty, from our review of the record, in holding that the trial court was eminently correct in its holding that there was no privity of contract between Domengeaux and the Speyr-ers. It was Savoie, the contractor, who selected the plaintiff’s establishment to be the furnisher of materials. The Speyrers obviously had no decision in that respect. While it is true that Domengeaux apparently delivered the materials to the Speyrers’ property, it was simply doing so at the direction of Savoie and for Savoie’s account. Domengeaux had no privity of contract, and hence no open account with the Speyrers. The resolution of this issue is a factual one in which much weight must be accorded the trial court finding. We do not find the lower court decision to be clearly wrong.
Plaintiff next tries to invoke the provisions of LSA-R.S. 9:4801, et seq., commonly referred to as the Private Works Act. While it is true that the Private Works Act may have afforded plaintiff relief against the Speyrers when Savoie failed to pay, that relief was lost to plaintiff when it failed to file a lien to preserve its privilege within sixty days of substantial completion or abandonment of the job. The fact of the matter is that Domengeaux never did file a lien under the Private Works Act to assert its claim, timely or otherwise. Therefore, no relief is afforded to Domengeaux under the Private Works Act.
Plaintiff argues that the tender of the $2,500 check by defendants constituted an estoppel to deny liability. This check was submitted to Domengeaux by defendants, on advice of counsel, and we have no difficulty in agreeing with the trial court that the defendants’ action in this regard is “as much suggestive of a desire to avoid trial as an admission of liability.” In other words, the trial court found that this tender was made in a spirit of compromise, and it was not an admission of liability. With this finding, we agree.
Lastly, plaintiff contends that the defendants were unjustly enriched by the use of plaintiff’s materials to improve their property. While there may be merit to this contention if plaintiff can prove to what extent the materials involved were actually used to improve defendants’ property, this issue was raised for the first time in plaintiff’s appellate brief, and thus is not properly before this Court. Compare: Orleans Onyx, Inc. v. Buchanan, 428 So.2d 841 (La.App. 5 Cir.1983), writ denied, 434 So.2d 1096 (La.1983); affirmed on appeal taken from trial court judgment on remand, 472 So.2d 598 (La.App. 5 Cir.1985). If plaintiff wishes to pursue its quest for recovery under the unjust enrichment doctrine, it *1093 can do so by filing a separate action to that end.
For the reasons above stated, the judgment of the trial court is affirmed. All costs of this appeal are assessed against plaintiff.
AFFIRMED.