KLEES, Judge.
Defendant Joseph Compagno appeals suspensively from a judgment against him for $4,247.00, plus interest and attorney’s fees, in a suit on an open account. We affirm.
Plaintiff, Charles Genard, a floor covering contractor, was contacted in December of 1984 by defendant’s decorator regarding carpeting for a building known as the “Morrison Mansion.” The Morrison Mansion is owned by River Investments I, Inc., a corporation whose sole shareholder and president is the defendant. Defendant and Ms. Judy Buckley, the decorator, then had a meeting with Mr. Genard at which the defendant selected the carpeting he wanted and gave Mr. Genard a check for one-half the price as a deposit. Mr. Genard later brought a written contract to the defendant’s office to be signed, but Mr. Compag-no wasn’t in. The contract was signed by Earnest J. Fisher, who told Mr. Genard that he was the defendant’s “partner” and that he had authority to sign for Mr. Com-pagno. Mr. Genard’s company then installed the carpet. During the installation phase, Mr. Genard spoke to the defendant several times concerning the work being done. Some additional work was authorized by Mr. Compagno, and the amount was added to his bill.
After the job was completed, defendant was regularly sent notices concerning the balance due on the contract, but the amount was never paid. A formal demand for payment in compliance with R.S. 9:2781, the open accounts law, was made on the defendant on October 31, 1985. On January 8, 1986, plaintiff filed his petition against Mr. Compagno, which was answered by means of a general denial.
The matter was tried on August 4, 1986. At trial, defendant argued that plaintiff’s suit against him personally must fail because the actual debtor was the corporation, River Investments I. Plaintiff claimed that the defendant had waived his right to assert this affirmative defense by failing to specially plead it. The trial judge then stated on the record that he would allow plaintiff to amend his petition to name the corporation as a defendant, but plaintiff apparently never did so, as no amended petition appears in the record. Nevertheless, after hearing all the testimony, the trial judge ruled in favor of the plaintiff, finding the defendant personally liable for the full balance due on the contract. In addition, the judge awarded plaintiff 25% attorney’s fees.
On September 15, 1986, after the judge’s decision had been handed down, defendant filed both a motion for a new trial and a peremptory exception on the grounds that plaintiff had failed to state a cause or right of action against the defendant personally. On January 7, 1987, the motion for a new trial was denied, and this appeal followed.
On appeal, defendant reiterates the argument made in the peremptory exception that he is not personally responsible for the debt, and also argues that the trial judge’s award of attorney’s fees to plaintiff was improper. After reviewing the record, we find that the trial judge ruled correctly on both issues.
With regard to the peremptory exception, plaintiff argues that defendant is precluded from asserting his affirmative defense because, according to C.C.P. art. 928, a peremptory exception must be pleaded before the case is submitted for a decision. While this is true, the Code also provides that, where appropriate, the trial or appellate court can notice such an exception of its own motion. See C.C.P. article 927. In this case, however, the exception is groundless because the evidence presented at trial *1244 was clearly sufficient to hold defendant personally liable for the debt.
The plaintiff testified that he dealt with the defendant personally throughout the transaction and that he was “under the impression” that the defendant was the owner of Morrison Mansion. Furthermore, the name of the corporation does not appear on any of the invoices; all list the defendant as the purchaser. The only contract placed in evidence was signed by Earnest J. Fisher, who had claimed to be the defendant’s partner. Of all the documentation connected with the sale, the only evidence of the existence of the corporation is the fact that the deposit check given to plaintiff by Mr. Compagno was drawn on a corporate account.
It is well-established that to avoid personal liability, an agent who is acting on behalf of a corporation must disclose his agency status and identify his principal. R.H.S. (Racing Head Service) v. Fallon, 395 So.2d 940 (La.App. 2d Cir.1981), writ den., 399 So.2d 609 (La.1981); Lagniappe of New Orleans, Ltd. v. Denmark, 330 So.2d 626 (La.App. 4th Cir.1976). Absent such disclosure, the law presumes that a person is acting in his individual capacity and holds him personally liable for his actions. Marmedic, Inc. v. International Ship Management Services, Inc., 425 So.2d 878 (La.App. 4th Cir.1983). There is no concrete evidence that Mr. Compagno made a proper disclosure in this case. In his testimony, he stated that he repudiated the contract signed by Mr. Fisher and that he subsequently signed another contract in its place. This second contract, according to Mr. Compagno, was signed by him as president of the corporation, using his title. Plaintiff denies the existence of a second contract, however, and also denies that defendant ever repudiated the contract signed by Mr. Fisher. As the defendant was unable to produce the second contract in evidence, ostensibly because he never received a copy, we find it reasonable for the trial judge to have believed the plaintiff’s testimony over that of the defendant.
With regard to the contract signed by Mr. Fisher, which was produced at trial, we find that the defendant is liable for the debt because he ratified the contract. Defendant testified that after he learned of Mr. Fisher’s action, he called plaintiff and told him that Mr. Fisher, who was not his partner but only a general contractor employed by the corporation, had no authority to sign the agreement. According to the defendant, this led to the signing of a second contract. Again, however, in view of the fact that no second contract was ever produced and the fact that the first contract was neither destroyed nor returned to defendant, the trial judge could have reasonably found the plaintiff’s testimony that no repudiation occurred to be more credible than the defendant’s testimony. Absent such repudiation, the defendant is liable for the debt because he allowed the carpet to be installed, thereby accepting the benefits of the contract. Under the law, ratification occurs when the principal, knowing of the contract, does not repudiate it but accepts its benefits. Bamber Contractors, Inc. v. Morrison Engineering & Contracting Co., Inc., 385 So.2d 327 (La.App. 1st Cir.1980). See also: Melancon v. A & M Pest Control Service Co., Inc., 325 So.2d 391 (La.App. 4th Cir.1976); John Deere Indus. Equipment Co. v. McCullen, 275 So.2d 437 (La.App. 2d Cir.1973). An agency relationship may be impliedly created by the conduct of the principal and the agent; a person by his own inaction may be deemed to have ratified the acts of another who claims to be clothed with a mandate; under such circumstances the alleged principal is required to timely repudiate the acts of the one who purported to be his agent. Builders Center Inc. v. Smith, 228 So.2d 245 (La.App. 1st Cir.1969); Tri-State Oil Tool Co. v. Pioneer Oil & Gas Co., 135 So.2d 297 (La.App. 4th Cir.1961).
Whether or not the defendant repudiated the contract signed by Mr. Fisher, the evidence is undisputed that the defendant frequently spoke on the telephone with Mr. Genard to check on progress of the work during the time the carpet was being installed and verbally authorized that additional work be done. These acts clearly amount to acceptance of the benefits of the contract. Defendant’s acceptance of the *1245 carpet, combined with a lack of proof that he repudiated the contract and plaintiffs denial that any such repudiation occurred, make it reasonable for the trial court to have concluded that defendant ratified the contract signed by Mr. Fisher on his behalf. We therefore affirm the trial court’s judgment holding defendant personally liable for the debt.
Additionally, we note that defendant’s contention that attorney’s fees were wrongfully awarded in this case is without merit. The record shows that plaintiff fully complied with the requirements of R.S. 9:2781 by making a written demand for payment upon the defendant on October 81, 1985. The statute further provides that if judgment is rendered in favor of the claimant, such claimant is entitled to “reasonable attorney fees” for the prosecution and collection of the debt. We find 25% of the amount of the judgment to be reasonable, and therefore we decline to overturn the trial court’s award of attorney’s fees.
Accordingly, the judgment of the district court is affirmed.
AFFIRMED.