527 So.2d 51 (1988)
MARSHALL ACHORD ELECTRICAL CONTRACTOR, INC., Plaintiff-Appellee,
v.
Carl M. ZEAGLER, et al., Defendants-Appellants.
No. 87-274.
Court of Appeal of Louisiana, Third Circuit.
April 6, 1988.
J.P. Mauffray, Jr., Jena, for plaintiff-appellee.
Simmons & Derr, Jacque D. Derr, Winnfield, for defendants-appellants.
*52 Before FORET and LABORDE, JJ., and REGGIE, J. Pro Tem.[*]
LABORDE, Judge.
Plaintiff, Marshall Achord Electrical Contractor, Inc. (Marshall Achord), did electrical work on a home built by Carl Zeagler. Zeagler Construction Co. and Trout Products, Inc. (Zeagler and Trout).[1] The home was built for Robert L. Gunter. Marshall Achord was not paid for the work. It then filed suit against Zeagler and Trout and against Gunter under the Private Works Act (LSA-R.S. 9:4801-9:4855)[2] The lawsuit alleged that Zeagler and Trout and Gunter were liable in solido to Marshall Achord for $3,516.00. Gunter then filed a third party demand against Trout for the same amount. The trial court found in favor of plaintiff and held Zeagler and Trout and Gunter liable to plaintiff in solido for $3,496.00. The trial court also held in Gunter's favor as to the third party demand against Zeagler and Trout awarding him the same dollar figure. Gunter now appeals this decision assigning two errors made by the trial court.[3] We will only consider one of these errors as we find it is meritorious. We thus reverse the portion of the trial court's decision holding Gunter liable in solido with Zeagler and Trout.

FACTS
On May 18, 1984 Robert Gunter contracted with Trout Products, Inc. for the construction of a home. The home was substantially completed at the Trout Products facility in LaSalle Parish. It was then moved onto a tract of land owned by Gunter in Winn Parish. Marshall Achord did the electrical work for some of the homes built at the Trout Products facility. Marshall Achord claims that it was employed by Carl Zeagler as a subcontractor to do the electrical work on the home being built for Gunter. However, this work was done on May 5 and 6 (prior to May 18 when Gunter entered into the contract with Trout Products). Marshall Achord also did electrical work on the home on June 21, 1984, after it had been moved onto the Winn Parish property. Marshall Achord made several attempts to collect the money owed to it by Zeagler on open account and, in fact, received a check from Zeagler for $4,535.40. That check, however, was dishonored due to insufficient funds. Marshall Achord then filed the present lawsuit claiming rights stemming from the Private Works Act.

APPLICABILITY OF THE PRIVATE WORKS ACT
We will first consider defendant's assignment of error number 2. Our holding on that issue will pretermit any consideration of the first assignment.
Even though a subcontractor does not contract directly with the owner, the Private Works Act provides the subcontractor with a remedy against the owner if it was not paid for the work. See Turnkey Constructors v. Dewey, Cheatum, & Howe, Inc., 341 So.2d 1339, 1340 (La.App. 3d Cir.1977). In fact, one of the purposes of the Private Works Act is to create a lien in favor of subcontractors, etc. because of the lack of privity of contract. See Olympic Electric Service, Inc. v. Craig, 286 So.2d 182 (La.App. 4th Cir.1973). In order to preserve a claim or privilege, LSA-R.S. 9:4822 requires that such a claimant file a lien against the property in the mortgage *53 records within 60 days of substantial completion of the job. The plaintiff has the burden of proving that the lien was filed within 60 days of the date of substantial completion of the project. Johnson v. Banner Corporation, 308 So.2d 534, 536 (La.App. 4th Cir.1975). Unless plaintiff meets this burden, it cannot avail itself of the rights provided under the Private Works Act. Id. In the present case, the record is devoid of any evidence asserting that a lien was timely filed or ever filed by Marshall Achord on the Gunter home.[4] Any potential relief plaintiff would have had against Gunter was lost when it failed to timely file a lien to preserve that privilege. Domengeaux's Lumber Depot v. Speyrer, 498 So.2d 1091, 1092 (La.App. 3d Cir.1986). Thus plaintiff is afforded no relief under the Private Works Act. Id.
Plaintiff failed to meet its burden of proving that a lien was timely filed; therefore we hold that the trial court's holding that Gunter is liable to Marshall Achord under the Private Works Act was erroneous. We thus reverse the holding that Gunter is solidarily liable with Zeagler and Trout. Since Zeagler and Trout have not appealed (and apparently never even appeared at trial) the trial court's holding as to their liability is not disturbed. Also since Gunter's third party demand against Trout was to recover any money Gunter would have to pay on its solidary obligation with Zeagler and Trout, that judgment is vacated. Costs of this appeal are taxed to plaintiff.
AFFIRMED IN PART, REVERSED IN PART, VACATED IN PART AND RENDERED.
NOTES
[*] Honorable Edmund M. Reggie, Judge, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] Carl Zeagler apparently conducted his business of home construction under at least three different trade namesZeagler Construction Co., Trout Products, Inc., and Zeagler Homes.
[2] In the same petition plaintiff also sued Charles W. Gifford who was another buyer of such a home where plaintiff did the electrical work. This is of no concern in the present matter.
[3] Gunter specifies the following errors:

"1. The court erred in holding that Gunter was an `owner' within the meaning and intent of the Private Works Act.
2. The court erred in rendering judgment for the plaintiff in this matter as the plaintiff did not file a lien to preserve his rights under the Private Works Act."
[4] Plaintiff's petition recites the file number of the claim filed in the mortgage records of LaSalle Parish on the Gifford home. No mention is made in the petition or anywhere else in the record of a lien being filed on the Gunter home.