hPATRICIA RIVET MURRAY, Judge.
This is an action by a subcontractor against the owner to recover the balance due on the subcontract for work performed under a construction contract. The subcontractor failed to preserve its claim and privilege under the Private Works Act, La. R.S. 9:4801-55, by timely filing its statement of claim within the applicable sixty-day period under La. R.S. 9:4822(C). The issues presented by this appeal are whether the owner’s failure to give notice of substantial completion to the subcontractor as required by La. R.S. 9:4822(L) resulted in either an extension of the time for the subcontractor to file its statement of claim or gave rise to a separate cause of action outside the scope of the Private Works Act.

FACTS

In 1999, Internal Medicine Specialist, Inc. (IMS) contracted with Conco Construction Co., a general contractor, to renovate its medical office suite in New Orleans, Louisiana.[1] Conco then contracted with Bryon Montz, Inc., a painting subcontractor, to perform certain work on the project, ie., “taping and floating of gypsum board, painting, and vinyl wall covering.”
| ¡^Invoking the special notice provision in La. R.S. 9:4822(K), Montz timely sent IMS a Notice of Work Performed on December 14; 1999, which IMS received the next day. Montz claims that it therefore expected to receive from IMS a notice of substantial completion. Although on March 14, 2000, IMS recorded both a Notice of Contract and a Certificate of Substantial Completion with the Orleans Parish recorder of mortgages, IMS acknowledges that it failed to give notice to Montz as required by La. R.S. 9:4822(L) of its Filing of Notice of Substantial Completion.
In early 2000, Montz completed all the work under its subcontract and billed Con-co for $30,474.20. In August 2000, Conco paid Montz $10,000, leaving an outstanding balance owed of $20,474.20. On January 4, 2001, Montz filed a lien affidavit or statement of claim purportedly pursuant to La. R.S. 9:4822. Seeking to recover the outstanding balance due for its work, Montz *500 filed this lawsuit on April 30, 2001, naming as defendants both IMS and Conco.[2]
On June 11, 2001, IMS filed an exception of no cause of action and motion for summary judgment. IMS claimed that Montz failed to perfect a valid claim against it because Montz’s statement of claim was not filed timely, i.e., within the thirty or sixty day periods set forth in La. R.S. 9:4822(A) or (C), respectively.
In support of its summary judgment motion, IMS submitted an affidavit of its administrator, Rita Latour. Ms. Latour attested that on March 14, 2000, IMS filed the Certificate of Substantial Completion and, at that time, the work performed under the contract was substantially complete. Ms. Latour further attests that IMS made full and final payment to the contractor, Conco, on August 1, 2000. | aAttached to Ms. Latour’s affidavit was a “lien and privilege certificate” dated May 18, 2000, issued by the Recorder of Mortgages for Orleans Parish. The lien and privilege certificate stated that both the contract and the Certificate of Substantial Completion were filed in the public records on March 14, 2000 and documented that no liens were filed within sixty days from the Certificate of Substantial Completion. IMS thus contended that the statement of claim Montz filed on January 4, 2001 clearly was untimely under either the thirty or sixty day periods of La. R.S. 9:4822(A) and (C) and that Montz had no valid claim against IMS under the Private Works Act. Moreover, it contended that given the lack of contractual privity between Montz and IMS, any liability of IMS to Montz must arise out of that Act.
On October 26, 2001, the trial court granted summary judgment in IMS’ favor, dismissing Montz’s petition against IMS with prejudice. In its oral reasons for judgment, the court stated that Montz, as a subcontractor, had no claim and no privilege against IMS, as owner, unless Montz properly and timely filed a statement of claim pursuant to La.R.S. 9:4822. Particularly, the trial court stated that “[a] subcontractor, like plaintiff, has no claim whatsoever and thus no privilege against the defendant owner unless the subcontractor has properly and timely filed a statement of claim as required by Revised[d] Statute 9:4822.” The trial court found that there was no genuine issue of material fact regarding Montz’s failure to timely and properly file its statement of claim. In so finding, the court noted that the record demonstrates that:
• The construction work was substantially completed on January 8, 2000.
• The Lien and Privilege Certificate issued by the Recorder of Mortgages on May 18, 2000, shows that the contract itself and the Certificate of Substantial Completion were both filed on March 14, 2000.
14* IMS made full and final payment to contractor Conco on August 1, 2000.
• Plaintiff admittedly filed its statement of claim, that is its Lien Affidavit, on January 4, 2001, almost eight (8) months after IMS filed the notice of contract on March 14, 2000.
The trial court thus reasoned that pursuant to La. R.S. 9:4822(A), Montz had thirty days to file its statement of claim and failed to do so.[3] In response to *501 Montz’s argument that it nonetheless had a claim because IMS failed to comply with La. R.S. 9:4822(K) and (L), the trial court reasoned that those provisions only apply when a statement of claim is timely filed. The trial court further reasoned that those provisions cannot be read in isolation, but rather must be read in context with “the statute in its totality.” The court thus concluded that summary judgment was proper.
Montz appeals from that judgment. Despite its failure to file its statement of claim timely, Montz claims that is has two claims against IMS: (1) a claim and privilege under the Private Works Act for the unpaid balance, and (2) a claim outside the Act for costs and attorney’s fees in pursuing its claims and privileges against IMS and Conco.

ANALYSIS

On appeal, the standard of review of a trial court’s decision granting summary judgment is de novo. Shelton v. Standard/700 Associates, 2001-0587, p. 5 (La.10/16/01), 798 So.2d 60, 64-65; Doerr v. Mobil Oil Corp., 2000-0947, p. 27 (La.12/19/00), 774 So.2d 119, 136; Smith v. Our Lady of the Lake Hosp., Inc., 93-2512, p. 26 (La.7/5/94), 639 So.2d 730, 750. The questions we ask are the same as those the trial court asked; to wit: whether there is any genuine issue of material fact, and whether the mover-appellee is entitled to judgment as a matter of law. In answering these questions, we are guided by the Legislature’s admonition that “[t]he summary judgnent procedure is designed to secure the just, speedy, and inexpensive determination of every action” and that “[t]he procedure is favored and shall be construed to accomplish these ends.” La. C. Civ. Pro. art. 966(A)(2).
The dispute in this case is not a factual, but a legal one. The parties do not contest the facts, but rather the consequences that result from an owner’s failure to comply with the special notice provision the Legislature added in 1988. to La. R.S. 9:4822(K) and (L), which apparently have never been judicially construed. The provisions provide:
K. (1) Any person to whom a privilege is granted by R.S. 9:4802 may give notice to the owner of an obligation to that person arising out of the performance of work under the contract. The notice shall be given prior to:
(a) The filing of a notice of termination of the work; or
(b) The substantial completion or abandonment of the work, if a notice of termination is not filed.
(2) The method of notice shall be under R.S. 9:4842(A). The notice shall set forth the nature of the work or services performed by the person to whom the obligation is owed and shall include his mailing address.
L. (1) When notice under Subsection K has been given by a person to the owner, the oumer shall notify that person as required by R.S. 9:4842(A) within three days of:
(a) Filing a notice of termination of the work; or
(b) The substantial completion or abandonment of the work, if a notice of termination is not filed.
|fi(2) The owner who fails to give notice to the person under the provisions of this Subsection within ten days of commencement of the period for preserva *502 tion of claims and privileges shall be liable for all costs and attorney’s fees for the establishment and enforcement of the claim or privilege. (Emphasis added.)
For purposes of summary judgment, IMS conceded that Montz notified IMS of its work on the project as permitted by La. R.S. 9:4822(K) and that IMS did not notify Montz of the substantial completion of the project as required by La. R.S. 9:4822(L). IMS contends that Montz nonetheless has no claim against it as it failed to preserve its claims or privilege by filing a timely statement of claim.
Although Montz strongly disputes IMS’s contention that the sole basis of its claim is the filing of a statement of claim and argues, as discussed elsewhere, that it has a claim under La. R.S. 9:4822(L), the underlying purpose and basic statutory scheme of the Private Works Act and the jurisprudence construing the Act support IMS’ position, which the trial court adopted.
The Private Works Act was enacted to facilitate construction of improvements on immovable property and does so by granting to subcontractors, among others, two rights to facilitate recovery of the costs of their work from the owner with whom they lack privity of contract. The first right is a statutory “claim” — the right to personally sue the owner for the amount that is owed-that is provided by La. R.S. 9:4802(A)(1); particularly, this statute provides that subcontractors have a claim against the owner and a claim against the contractor to secure payment of the price of their work. The second right is the privilege provided by La. R.S. 9:4802(B), which states that “[t]he claims against the owner shall be secured by a privilege on the immovable on which the work is performed.”
If a notice of contract is properly and timely filed in the manner provided by R.S. 9:4811, the persons to whom a claim or privilege is granted by R.S. 9:4802 shall within thirty days after the filing of a notice of termination of the work:
(1) File a statement of their claims or privilege.
(2) Deliver to the owner a copy of the statement of claim or privilege. If the address of the owner is not given in the notice of contract, the claimant is not required to deliver a copy of his statement to the owner.
|7The validity of the claim and privilege granted a subcontractor by La. R.S. 9:4802 is limited by La. R.S. 9:4823(A), which provides that “a claim against the owner and the privilege securing it granted by R.S. 9:4802, or a claim against the contractor granted by R.S. 9:4802 is extinguished if: (1) The claimant or holder of the privilege does not preserve it as required by R.S. 9:4822.” La. R.S. 9:4822 for two separate delay periods. Depending on whether the notice of contract between the owner and the general contractor was properly and timely filed, an unpaid subcontractor has thirty days under La. R.S. 9:4822(A),[4] or sixty days under La. R.S.9:4822(C)[5] after the filing of a notice of termination of work within which to file his statement of claim and privilege. Hence, failure to file a statement of claim timely results in the *503 extinguishment of the claims and privilege under La. R.S. 9:4823(A).
*502 Those persons granted a claim and privilege by R.S. 9:4802 for work arising out of a general contract, notice of which is not filed, and other persons granted a privilege under R.S. 9:4801 or a claim and privilege under R.S. 9:4802 shall file a statement of their respective claims and privileges within sixty days after:
(1) The filing of a notice of termination of the work; or
(2) The substantial completion or abandonment of the work, if a notice of termination is not filed.
*503 Given the special nature of those two rights, those rights must be strictly construed against those to whom they are accorded (subcontractors) and in favor of the owner, and there must be strict compliance with the requirements of the Private Works Act. Metropolitan Erection Co., Inc. v. Landis Construction Co., Inc., 627 So.2d 144 (La.1993).
The jurisprudence uniformly holds that a subcontractor has the burden of proving that its statement of claim was timely filed and unless it meets this burden cannot avail itself of any of the rights provided under the Private Works Act. Marshall Achord Electrical Contractor. Inc. v. Zeagler, 527 So.2d 51, 53 (La.App. 3d Cir.1988). Any right a subcontractor would have had under the Act against the owner is lost when it fails to timely file a statement of claim to preserve that privilege as required by La. R.S. 9:4822(A) or (C). Id.
Applying those principles to the facts of this case, La. R.S. 9:4822(C) provides the applicable time period for filing the statement of claim given that IMS failed to file the notice of contract before the work began.[6] The time period for Montz to timely file its statement of claim was thus sixty days from IMS’ filing of its notice of termination of the work on March 14, 2000. Montz’s statement of claim filed on January 4, 2001 thus was not timely and resulted in an extinguishment of its claim or privilege against IMS under the Private Works Act. La. R.S. 9:4223. It also resulted in Montz’s losing any rights it would have had against IMS under the Act. Zeagler, sivpra
Montz alleges that despite its failure to timely preserve its claim, it would be unfair to allow an owner, like IMS, who failed to comply with the mandatory notice requirement of La. R.S. 9:4822(L) to escape liability under the Act. Montz argues that it has a claim for enforcement of its lien and for payment of the contract sums due based upon IMS’s violation of LSA R.S. 9:4822(L) given IMS’s | ¡failure to provide Montz with notice of substantial completion. We understand Montz’s first claim to be that the Legislature extended by implication the time period for filing a statement of claim when an owner fails to comply with the notice requirement under R.S. 9:4822(L). No statutory basis exists for either altering or extending the time period for a claimant to file a statement of claim under the Act, and we decline to judicially craft such an extension. Indeed, as IMS points out, the time periods set forth in the Private Works Act are per-emptive periods. Landis, supra. Specifically, the Louisiana Supreme Court explained:
The Legislature, in adopting the Act, granted a special right in favor of specified claimants, but limited the time for enforcing that right in the manner prescribed in the Act, after which the right becomes extinguished and passes out of existence. The Legislature clearly intended to extinguish in short order the special rights of those claimants who did not file their privileges and their actions within the specified time limitations. The Act thus balances the private interest in asserting claims against the public interest in limiting special rights.
Landis, 627 So.2d at 148. Moreover, this is a lien statute that must be strictly con *504 strued in favor of the owner and against the-claimant.
Although in this case IMS had an obligation to notify Montz of completion of the project pursuant to La. R.S. 9:4822(L), IMS’s failure to do so did not relieve Montz of its obligation to preserve its claim by timely filing its statement of claim. It follows then that Montz’s failure to timely record its statement of claim within the applicable sixty day time limits imposed by La. R.S. 9:4822(C) resulted in that claim (and the privilege securing it) being extinguished. La. R.S. 9:4823. Montz thus has no claim, privilege, or other right against IMS under the Private Works Act.
Montz’s second claim is that La. R.S. 9:4822(K) and (L) sets forth a separate statutory cause of action for costs and attorney’s fees incurred in establishing and | inenforcing claims and privileges. Montz argues that this cause of action is not limited to enforcing the claim against the owner, but rather also extends to the contractual claim against the general contractor; in support, Montz cites the reference in La. R.S. 9:4802(A) to a subcontractor’s claim against both the owner and the general contractor. As to the latter, Montz stresses that its contractual claim against Conco, the general contractor, clearly is not prescribed.
The flaw in Montz’s argument, as the trial court recognized, is that La. R.S. 9:4822(K) and (L) are part of the Private Works Act and cannot be read in isolation; rather, these provisions must be read in conjunction with the other provisions of the Act, including the requirement for preserving the claims and privileges. See La. C.C. art. 13 (requiring that laws on the same subject matter be interpreted in reference to each other). Viewed in context, the claims and privileges referred to in La. R.S. 9:4822(L) are clearly those provided for in the Act against the owner and contractor. Indeed, La. R.S. 9:4802(D) expressly states that “[cjlaims against the owner and the contractor granted by this Part are in addition to other contractual or legal rights the claimant may have for the payment of amounts owed them.” La. R.S. 9:4802(D). Given that Montz failed to timely preserve its claim against IMS and given that this provision does not encompass the separate contractual claim against the general contractor, Montz has no claim against IMS under La. R.S. 9:4922(L).
Finally, we find unpersuasive Montz’s argument that affirming the trial court’s decision granting IMS summary judgment would render La. R.S. 9:4822(K) and (L) meaningless. Before the Legislature enacted La.R.S. 9:4822(K) and (L), a subcontractor who timely filed a statement of claim against the owner was not allowed to collect attorney’s fees. Attorney’s fees have never been | ^included as one of the enumerated amounts secured by the claims and privileges as defined by La. R.S. 9:4803(A). Rather, La. R.S. 9:4803(A) provides that the claims granted by R.S. La.R.S. 9:4802 secure payment of “[t]he principal amounts of the obligations described in ... R.S. 9:4802(A), interest due thereon, and fees paid for filing the statement required by R.S. 9:4822.” La. R.S. 9:4803(A)(1). As IMS points out, a subcontractor who invokes the provisions of La. R.S. 9:4822(K) and (L), and timely preserves its claim under La. R.S 9:4822(A) or (C), is allowed to recover as a penalty attorney’s fees and costs in the event the owner fails to comply with the notice requirement of La. R.S. 9:4822(L). (This is the sole consequence the Legislature provided for an owner’s failure to give such required notice.)
Summarizing, we find that recovery for attorney’s fees and costs under La. R.S. 9:4822(L) merely adds to the subcontrac *505 tor’s recovery for the “establishment and enforcement of the [timely asserted] claim or privilege” under the Act. When, as here, the claims and privilege provided for in the Private Works Act are extinguished due to the subcontractor’s failure to timely file its statement of claim, there is nothing for the subcontractor to establish or enforce. Based on our de novo review, we find that the trial court properly granted summary judgment in favor of IMS. The judgment of the trial court is affirmed.
AFFIRMED.

. At oral argument before this court, the parties acknowledged that IMS owns the immovable properly on which the renovations were made.

. The contract between the subcontractor and general contractor provided for mandatory arbitration of disputes between the parties. Invoking that provision, the general contractor filed an exception of prematurity to the petition. The claim against the contractor is not before us.

. Although the trial court refers to La. R.S. 9:4822(A), this was, as IMS contends, a harmless error. The correct provision is La. R.S. *501 9:4822(C), which provides a sixty day period. Montz's statement of claim was filed well beyond sixty days.

. La. R.S. 9:4822(A) provides for a thirty day period when:

. La. R.S. 9:4822(C) provides a sixty day period when:

. As noted, the trial court incorrectly refers to La. R.S. 9:4822(A), but that error was harmless.