EDWIN A. LOMBARD, Judge.
h This appeal is from the dismissal of the suit to enforce a subcontractor’s lien filed by Jefferson Door Company, Inc. against Angela and Ryan Adams. After a review *1003 of the record in light of the applicable law, the trial court judgment granting the defendant’s Exception of Prematurity is affirmed.
Relevant Facts and Procedural History
In 2009, the defendants, Angela and Ryans Adams hired Cragmar Construction, L.L.C. (“Cragmar”) as the general contractor to construct their principal residence at 6223 General Diaz Street in Orleans Parish. The plaintiff, Jefferson Door Company, Inc., furnished materials for the project to Cragmar pursuant to a credit application with personal guaranty signed by Craig Martin, an authorized representative of Cragmar. The materials were used into the Adamses’ residence but, although Cragmar was paid in accordance with the construction contract, Cragmar failed to pay the plaintiff the principal amount due of $37,623.98 and related charges.
|2Between July 2, 2009, and October 20, 2009, the Adamses paid Cragmar $344,592.92 to satisfy invoices for the construction of the Adamses’ home.[1] However, although the materials furnished by the plaintiff were used in the Adamses’ residence, the plaintiff was not paid. Accordingly, the plaintiff sent a collection notice on December 2, 2009 to the Adamses demanding payment of $48,314.22, which included service and attorney fees per its agreement with Cragmar. On December 11, 2009, the Adamses terminated the contract with Cragmar on their home and recorded a notice of termination in the Orleans Parish mortgage records. On December 28, 2009, plaintiff filed a Lien Affidavit against the Adamses’ property in the Orleans Parish mortgage records.
On December 23, 2010, the plaintiff filed its petition in the Civil District Court for the Parish of Orleans to enforce a statement of claim or privilege and breach of contract/open account naming as defendants, Cragmar and the Adamses, relying on its Lien Affidavit. Subsequently, the Adamses filed the “Defendants’ Verified Dilatory Exception of Prematurity, Peremptory Exception of No Cause of Action, and Alternatively, Motion for Summary Judgment” at issue in this appeal.
After a hearing held on March 31, 2010, the trial court issued a written judgment signed on April 8, 2010, which stated that the “Defendants’ Verified Dilatory Exception of Prematurity, Peremptory Exception of No Cause of Action, and Alternatively, Motion for Summary Judgment be granted.” The judgment further ordered the dismissal of the Adamses from the case, and the cancellation and removal of Jefferson’s invalid Lien Affidavit.
[¡¡On appeal, the plaintiff assigns as error: (1) the trial court’s determination that the Lien Affidavit filed by the plaintiff on December 28, 2009, was not a valid lien because it failed to reasonably itemize the elements comprising the obligation pursuant to La. R.S. 9:4822(G)(4) of the Private Works Act; and (2) the trial court’s finding that the Lien Affidavit filed by the plaintiff on December 28, 2009 was not a valid lien because it attempted to secure amounts not owed.
Discussion
Although the judgment appears to grant the exception of prematurity, the exception of no cause of action, and alternatively, the motion for summary judgment, the first issue to be determined is whether the exception of prematurity was properly grant *1004 ed because if the action was prematurely filed, then all further actions are nullified. The Adamses’ exception of prematurity asserted that the plaintiff had not preserved its privilege under the Private Works Act.
A suit is premature if it is brought before the right to enforce it accrues. La.Code Civ. Proc. Art. 423; see also Moreno v. Entergy Corp., 10-2268, p. 3 (La.2/18/11), 64 So.3d 761, 763, citing La.Code Civ. Proc. Art. 926 (The dilatory exception of prematurity questions whether the cause of action has matured to the point where it is ripe for judicial determination.) “Prematurity is determined by the facts existing at the time the suit is filed.” Sevier v. U.S. Fidelity & Guar. Co., 497 So.2d 1380, 1382 (La.1986). Evidence may be introduced to support or controvert the exception, when the grounds do not appear from the petition. La.Code Civ. Proc. Art. 930. We review a judgment sustaining a dilatory exception of prematurity for manifest error. See Pinegar v. Harris, 08-1112, p. 10 (La.App. 1 Cir. 6/12/09), 20 So.3d 1081, 1088.
[^Louisiana Revised Statute 9:4822(G) of the Private Works Act states the following:
G. A statement of a claim or privilege:
(1) Shall be in writing
(2) Shall be signed by the person asserting the same or his representative.
(3) Shall reasonable identify the immovable with respect to which the work was performed....
(4) Shall set forth the amount and nature of the obligation giving rise to the claim or privilege and reasonably itemize the elements comprising it including the person for whom the contract was performed, material supplied or services rendered.
“The Louisiana Private Works Act was enacted to facilitate construction of improvements on immovable property and does so by granting to subcontractors, among others, two rights to facilitate recovery of the costs of their work from the owner with whom they lack privity of contract.” Byron Montz, Inc. v. Conco Construction, Inc., 02-0195, p. 6 (La.App. 4 Cir. 7/24/02), 824 So.2d 498, 502. The first of these rights is presented in Louisiana Revised Statute 9:4802(A)(1), which particularly provides that subcontractors have a claim against the owner and a claim against the contractor to secure payment of obligations arising out of the performance of work under the contract. Louisiana Revised Statute 9:4802(B) provides the second right, which states that, “[t]he claims against the owner shall be secured by a privilege on the immovable on which the work was performed.” However, the claim and privilege that the Louisiana Private Works Act affords the subcontractor is limited by La. R.S. 9:4823(A), which provides, in pertinent part, that “a claim against the owner and the privilege securing it granted by R.S. 9:4802 is extinguished if: (1) the claimant or holder of the privilege does not preserve it as required by R.S. 9:4822.”
Un interpreting statutes granting liens and privileges for working materials furnished, courts have generally construed the statutes strictly against the claimant. P.H.A.C. Services, Inc. v. Seaways International, Inc., 403 So.2d 1199, 1202 (La.1981). According to Comments 1981 to La. R.S. 9:4822(G), the purpose of filing a lien affidavit “is to give notice to the owner (and contractor) of the existence of the claim and to give notice to persons who may deal with the owner that a privilege is claimed on the property.... Technical defects in the notice should not defeat the claim as long as the notice is adequate to serve the purposes intended.”
*1005 In this case, the trial court found that the Adamses were “correct in that the lien is deficient as to its failure to itemize the materials and that it seeks to secure payments that the Adamses do not owe as there is no privity of Contract between the Adamses and Jefferson.” Accordingly, we must determine whether the lien requirements were correctly followed, and if they were not, whether the violation is purely a technical objection or a legitimate violation causing the lien to fail.
The Lien Affidavit at issue contains the following language:
JEFFERSON DOOR COMPANY, INC., a Louisiana Corporation domiciled in the Parish of Jefferson, with mailing address of P.O. Box 220, Harvey, La. 70059 sold to CRAGMAR CONSTRUCTION, L.L.C., 3343 Metairie Rd., Shite 7, Metairie, LA 70001, certain materials consisting of but not limited to trim, millwork, etc., for the agreed remaining principal balance of $37,623.98 and accrued service charges of $879.36 from September 11, 2009 through December 7, 2009, for a total due of $38,503.34, plus service charges at the rate of 18% per annum ($18.55 per diem) from December 8, 2009, until paid in full, all expenses incurred in the collection of all monies due and reasonable attorneys’ fees of not less than 25% of the entire sum due as will appear from the itemized statement of account attached hereto....
That the said account represents materials sold and delivered to the aforesaid contractor and/or real property owners for use in and, which now forms a part of the construction of additions and renovations and/or improvements at the following described property, to-wit:
b;All the buildings and improvements thereon and bearing a municipal street address of 6223 General Diaz, New Orleans, LA 70124, Lakeview, Second District, Square No. 268, Lot S, more particularly described in the legal description of said property which is attached hereto and marked for identification herewith as Exhibit “A.”
The following document attached to the Lien Affidavit states as follows:

ITEMIZED STATEMENT OF ACCOUNT

Before me, the undersigned authority, duly qualified and commissioned in and for the Parish of Jefferson and therein residing, personally came and appeared: JOHN W. VAN DERVORT, an authorized representative of JEFFERSON DOOR COMPANY, INC., who, being first duly sworn by me, Notary, deposed:
That he is an authorized representative of JEFFERSON DOOR COMPANY, INC. and as such is personally familiar with the accounts of CRAGMAR CONSTRUCTION, L.L.C., who is known by JEFFERSON DOOR COMPANY, INC. to be the general eontractor(s) of the property situated at Municipal address 6223 General Diaz, New Orleans, LA 70124, and as more particularly described in the attached Lien Affidavit; based upon information and belief, THE PROPERTY OWNERS’ NAMES ARE ANGELA JUNEAU ADAMS wife of/ and RYAN D. ADAMS, with current mailing address of 209 Rose St., Metair-ie, LA 70005; and that various materials were delivered to the aforesaid real property for use and incorporation into the above mentioned property, as more particularly itemized on the attached invoices for the prices shown thereon representing a total principal balance of $37,623.98 and accrued service charges of $879.36 from September 11, 2009 *1006 through December 7, 2009, for a total •due of $38,503.34, plus service charges at the rate of 18% per annum ($18.55 per diem) from December 8, 2009, until paid in full, all expenses incurred in the collection of all monies due and reasonable attorneys’ fees of not less than 25% of the entire sum due all of which are made part hereof as though copied in extenso. [Emphasis in original.]
No invoices are in fact attached to the itemized statement although the statement says they are.
|7It is undisputed that Jefferson’s statement of claim has satisfied the first three of the four requirements of La.Rev.Stat. 9:4822(G) and that the document was filed timely pursuant to La.Rev.Stat. 9:4822(E). Jefferson’s statement of claim is in writing, signed by an authorized representative of the company, reasonably identifies the immovable with respect to which the materials were supplied, and was filed within thirty days from when the defendants filed the notice of termination. Accordingly, the only issue before us is whether the plaintiff met the last requirement of La. R.S. 9:4822(G)(4), to render the Lien Affidavit valid.
After review of the record in light of Comments .1981 to La. R.S. 9:4822(G), we do not find that the Lien Affidavit fulfills the requirements of the statute, specifically to “reasonably itemize the elements comprising it including ... material supplied ... ”. Clearly, the reference in the Lien Affidavit to “certain materials consisting of but not limited to trim, millwork, etc.” is not the requisite reasonable itemization of materials for purposes of the statutory requirements. (Emphasis added.) Moreover, although the attached Itemized Statement of Account states that the plaintiff provided “various materials” that would be “more particularly itemized on the attached invoices,” the referenced invoices are not attached. In consequence, the Lien Affidavit did not meet the requisites listed in the statute.
Clearly, without the referenced invoices attached, the notice is inadequate to preserve the claim or privilege. Thus, the plaintiffs failure to fulfill the legal requirements is not a mere technical defect. Accordingly, because the lien is invalid, the exception of prematurity was properly granted in favor of the Adamses. Because no privity of contract exists between the plaintiff and the [ ¡Adamses, by the virtue of the granting of the exception of prematurity, the plaintiff has no cause of action against the Adamses.
Conclusion
Upon review of the record in light of the applicable law, we find that the trial court did not err in granting the Adamses’ exception for prematurity and, accordingly, affirm that portion of the trial court’s judgment. However, because the dismissal of a lawsuit on an exception of prematurity is necessarily without prejudice, the judgment is amended to dismiss the claims without prejudice. See La.Code Civ. Proc. art. 933; see also Rausch v. Hanberry, 377 So.2d 901 (La.App. 4th Cir.1979). (A suit subject to dismissal for premature filing must be dismissed without prejudice).
Finally, because the action was filed prematurely against the Adamses, to the extent that the trial court’s judgment granted the exception of no cause of action and/or the motion for summary judgment; that portion of the judgment is vacated. Accordingly, the judgment is vacated in part, amended in part, and as amended, affirmed.
AFFIRMED AS AMENDED.

. Of the total sum paid by the Adamses to Cragmar, $188,664.42 turned up missing and is the subject of felony charges filed by the Orleans Parish District Attorney's Office against the authorized representative of Crag-mar, Craig Martin. Mr. Martin pled guilty to these charges.