MAX N. TOBIAS, JR., Judge.
I,The case before us concerns the requirements of Louisiana’s Private Works Act (“PWA”), La. R.S. 9:4801, et seq. For the reasons that follow, we amend the judgment, and as amended, affirm in part; additionally we remand for further proceedings.
The defendant, the New Orleans Jazz & Heritage Festival and Foundation, Inc. (“NOJHF”), is the owner of the Jazz & Heritage Center located at 1225 Rampart Street in New Orleans. NOJHF restored the Center between 2013 and 2014 (“the project”). NOJHF initially hired Donahue Favret Contractors, Inc. (“Donahue”) to be the general contractor on the project. This contract is dated 4 June 2013. A notice of contract and attached bond, as required by La. R.S. 9:4811, were filed and recorded with the Orleans Parish Recorder of Mortgages on 12 July 2013.
For reasons not disclosed in the appellate record, NOJHF later entered into a contract with the defendant, K-Belle Consultants, L.L.C. (“K-Belle”) on 24 July 2014, by which K-Belle assumed the position of general contractor on the project. |2This subsequent contract was not filed and recorded with the Orleans Parish Recorder of Mortgages.
The plaintiff, Buck Town Consultants & Co. (“Buck Town”), entered into a subcontract with K-Belle to perform, inter alia, drainage and concrete work on the project. It is alleged that Buck Town abruptly abandoned the project, forcing K-Belle to find another subcontractor to finish the project.[1] Buck Town claims that it did not abandon the project and was not paid for any of the work it actually performed.
On 6 January 2015, Buck Town' sent a “Notice of Claim and Privilege” (“notice”) *983 to NOJHF, as owner of the project, notifying it of Buck Town’s claim under the PWA. On 28 January 2015, Buck Town filed suit against K-Belle, K-Belle’s surety, NOJHF, and NOJHF’s surety, asserting a cause of action under the PWA and other causes of action. Attached to the petition was the notice Buck Town previously sent to NOJHF. The record fails to reflect that the notice was filed and recorded with the Orleans Parish Recorder of Mortgages.
On 12 February 2015, NOJHF filed a notice of termination regarding its contract with Donahue. No notice of the filing was given to Buck Town. Thereafter, NOJHF filed a certificate of substantial completion on 3 March 2015 in connection with its separate contract with K-Belle. Again, no notice of the filing was given to Buck Town. Both notices were filed in the Orleans Parish mortgage records.
|aOn 5 May 2015, NOJHF filed peremptory exceptions of no cause of action and no right of action seeking to be dismissed from the suit because Buck Town did not secure its claims against it. It admits that the exceptions were Buck Town’s first notice of the notice of termination and certificate of substantial completion. The trial court granted the exceptions on 26 June 2015, thereby dismissing NOJHF from the lawsuit. This timely appeal followed.
This case concerns the requirements of the PWA, a question of law. As such, we apply a de novo standard of review. Southern Tool & Supply, Inc. v. Beerman Precision, Inc., 03-0960, p. 6 (La.App. 4 Cir. 11/26/03), 862 So.2d 271, 277.
In Byron Montz, Inc. v. Conco Construction, Inc., 02-0195, pp. 6-8 (La.App. 4 Cir. 7/24/02), 824 So.2d 498, 502-03, we stated:
The Private Works Act was enacted to facilitate construction of improvements on immovable property and does so by granting to subcontractors, among others, two rights to facilitate recovery of the costs of their work from the owner with whom they lack privity of contract. The first right is a statutory “claim”—the right to personally sue the owner for the amount that is owed—that is provided by La. R.S. 9:4802(A)(1); particularly, this statute provides that subcontractors have a claim against the owner and a claim against the contractor to secure payment of the price of their work. The second right is the privilege provided by La. R.S. 9:4802(B), which states that “[t]he claims against the owner shall be secured by a privilege on the immovable on which the work is performed.”
The validity of the claim and privilege granted a subcontractor by La. R.S. 9:4802 is limited by La. R.S. 9:4823(A), which provides that “a claim against the owner and the privilege securing it granted by R.S. 9:4802, or a claim against the contractor granted by R.S. 9:4802 is extinguished if: (1) The claimant or holder of the privilege does not preserve it as required by R.S. | ¿9:4822.” La. R.S. 9:4822 provides for two separate delay periods. Depending on whether the notice of contract between the owner and the general contractor was properly and timely filed, an unpaid subcontractor has thirty days under La. R.S. 9:4822(A), or sixty days under La. R.S.9:4822(C) after the filing of a notice of termination of work within which to file his statement of claim and privilege. Hence, failure to file a statement of claim timely results in the extinguishment of the claims and privilege under R.S. 9:4823(A).
*984 Given the special nature of those two rights, those rights must be strictly construed, against those,to whom they are accorded (subcontractors) and in favor of the owner, and there: must be strict compliance with the requirements of the Private Works Act. Metropolitan Erection Co., Inc. v. Landis Construction Co., Inc., 627 So.2d 144 (La.1998). [Emphasis supplied.]
The jurisprudence uniformly holds that a subcontractor has the burden of proving that its statement of claim was timely filed, and unless it meets this burden cannot avail itself of any of the rights provided under the PWA. Montz, 02-0195, p. 8, 824 So.2d at 503, citing, Marshall Achord Electrical Contractor, Inc. v. Zeagler, 527 So.2d 51, 53 (La.App. 3d Cir. 1988). Any right a subcontractor would have had under the PWA against the owner is lost when it fails to timely file a statement of claim to preserve that privilege as required by La. R.S. 9:4822 A or C. Id. According to the 1981 Comments to La. R.S. 9:4822 G, the purpose of filing a lien affidavit “is to give notice to the owner (and contractor) of the existence of the claim and to give notice to persons who may deal with the owner that a privilege is claimed on the property,.. .Technical defects in the notice should not defeat the claim as long as the notice is adequate to serve the purposes intended.” Jefferson Door Co., Inc. v. Cragmar Construction, L.L.C., 11-1122, p. 5 (La.App. 4 Cir. 1/25/12), 81 So.3d 1001, 1004.
| RBecause the PWA is in derogation of general contract law, it must be strictly construed. Hibernia National Bank v. Belleville Historic Development, L.L.C., 01-0657, p. 7 (La.App. 4 Cir. 3/27/02), 815 So.2d 301, 305. However, it should not be construed so as to defeat the purpose of the statute, which is to protect materialmen, laborers and subcontractors who engage in construction projects. Authement’s Ornamental Iron Works, Inc. v. Reisfeld, 376 So.2d 1061, 1064 (La.App. 4th Cir.1979).
Because the contract between NOJHF and K-Belle was not recorded, Buck Town had sixty days to file its statement of claim and privilege from the filing of a notice of termination of work or the substantial completion, if a notice of termination was not filed. Because we are not considering the notice of termination of work filed by Donahue, with whom Buck Town did not contract, Buck Town had until 2 May 2015 (sixty days after 3 March 2015) to file its lien against the property.
Unquestionably, Buck Town did not file its lien within the time delay provided by La. R.S. 9:4822 C.
Pursuant to La. R.S. 9:4822 K, Buck Town gave notice to NOJHF before a notice of substantial completion was filed with the Recorder of Mortgages. As such, NOJHF was mandated by the PWA to give notice to Buck Town within three days of such filing. La. R.S. 9:4822 L(l). Here, both were recorded but no notice was given to Buck Town as required by the statute. Failure to give notice within ten days of the commencement of the period for preservation of rights under the IfiPWA makes the owner, here, NOJHF, liable for all costs and attorney’s fees for establishment of the claim or privilege. La. R.S. 9:4822 L(2).
NOJHF admits that it failed to comply with the provisions of La. R.S. 9:4822 and that notice was first given after the sixty days had run. Therefore, we find that, while Buck Town was possibly prevented from timely filing its claim or privilege, we also find that it failed to properly preserve its claim or privilege.
*985 In Byron Montz, Inc., supra, 02-0195, pp. 8-9, 824 So.2d at 503, we further stated:
We understand Montz’s first claim to be that the Legislature extended by implication the time period for filing a statement of claim when an owner fails to comply with the notice requirement under R.S. 9:4822(L). No statutory basis exists for either altering or extending the time period for a claimant to file a statement of claim under the Act, and we decline to judicially craft such an extension. Indeed, as IMS points out, the time periods set forth in the Private Works Act are peremptive periods. Landis, supra. [Metropolitan Erection Co., Inc. v. Landis Construction Co., Inc., 627 So.2d 144 (La.1993) ]. Specifically, the Louisiana Supreme Court explained:
The Legislature, in adopting the Act, granted a special right in favor of specified claimants, but limited the time for enforcing that right in the manner prescribed in the Act, after which the right becomes extinguished and passes out of existence. The Legislature clearly intended to extinguish in short order the special rights of those claimants who did not file their privileges and their actions within the specified time limitations. The Act thus balances the private interest in asserting claims against the public interest in limiting special rights. Landis, 627 So.2d at 148. [Emphasis supplied.]
17For these reasons, we affirm the judgment of the trial court that dismissed Buck Town’s direct claims against NOJHF pursuant to the PWA, finding that Buck Town failed to preserve its privilege against the owner of the project.
We also find, however, that NOJHF is liable for all costs and attorney’s fees for establishment of the claim or privilege, pursuant to La. R.S. 9:4822 L(2), as it admits it failed to comply with the provisions of La. R.S. 9:4822. Accordingly, we amend the judgment and remand the matter to the trial court for a determination of reasonable attorney’s fees and costs.

AMENDED; AFFIRMED AS AMENDED; REMANDED.

. This issue, among others, remains with the trial court and is not a part of this appeal.