| COASTAL FIRE | * | NO. 2024-C-0066 |
|---|---|---|
| PROTECTION, L.L.C. | | |
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| CUSTOM DRYWALL & | | FOURTH CIRCUIT |
| PAINTING LLC AND TSM | * | |
| INVESTMENTS, LLC | | STATE OF LOUISIANA |

* * * * * * *


APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-08521, DIVISION "D"
Honorable Monique E. Barial, Judge
* * * * * *
**Judge Tiffany Gautier Chase**
* * * * * *

(Court composed of Judge Tiffany Gautier Chase, Judge Dale N. Atkins, Judge
Nakisha Ervin-Knott)


David C. Clement
Leslie J. Hill
CLEMENT & ASSOCIATES
650 Poydras Street, Suite 2828
New Orleans, LA 70130

     COUNSEL FOR RELATOR


Gregory Swafford
P.O. Box 820510
New Orleans, LA  70182

     COUNSEL FOR RESPONDENT


         **WRIT GRANTED;
         REVERSED IN PART;
         AFFIRMED IN PART;
         REMANDED FOR
         FURTHER PROCEEDINGS
         MARCH 13, 2024**

Relator/Plaintiff, Coastal Fire Protection, L.L.C. (hereinafter "Relator"), seeks review of the trial court's January 9, 2024 judgment granting an exception of no cause of action filed by Respondents/Defendants, Custom Drywall and Painting, L.L.C. and TSM Investments, L.L.C. (hereinafter, collectively "Respondents"), and vacating a prior grant of summary judgment in Relator's favor. After review of the writ application before this Court and applicable law, we grant the writ; reverse in part and affirm in part the trial court's January 9, 2024 judgment; and remand for further proceedings.

**<u>Relevant Facts and Procedural History</u>**

This matter involves a private works project to construct a three story building (hereinafter "the Project") in which Relator was hired by Custom Drywall and Painting, L.L.C. to perform fire suppression work on the Project. Relator filed a statement of claim and/or privilege in the Land Records Division of Orleans Parish Civil District Court on July 1, 2022 and thereafter filed suit against

Respondents. The petition maintains Relator is owed $13,599.28 for work performed under the contract and further asserts an enforcement of claim and/or privilege relative to the Project; a breach of contract claim; a misapplication of payment claim; a violation of Louisiana Open Account Law; and an unjust enrichment claim.

On June 7, 2023, Relator filed a motion for summary judgment seeking: (1) a judgment against Respondents in the amount of $13,599.28, plus legal interest from the date of demand and (2) a judgment against Custom Drywall and Painting, L.L.C. for the misapplication of funds and costs in the amount of $9,223.04. Respondents did not file an opposition to Relator's motion for summary judgment. However, two days prior to the summary judgment hearing, Respondents filed peremptory exceptions of no cause of action and no right of action.[1] The exception of no cause of action stated that Relator failed to state a cause of action relative to its enforcement of a claim and/or privilege because it does not allege facts indicating a substantial date of completion of the Project – a requirement under La. R.S. 9:4822(C). The trial court set a date to hear the exceptions on December 8, 2023; however, in the interim, the trial court heard Relator's motion for summary judgment. The trial court granted Relator's motion for summary judgment on September 15, 2023.

---

[1] Relator is not seeking review of the trial court's denial of the exception of no right of action filed by Respondents.

Thereafter, Respondents filed a motion for new trial to vacate the trial court's grant of summary judgment, arguing the trial court improperly heard Relator's motion for summary judgment prior to its exceptions. The motion for new trial and exceptions were set for hearing on the same day. The trial court granted the peremptory exception of no cause of action filed by Respondents, finding Relator failed to allege a substantial date of completion of the Project as required under the Private Works Act.[2] The trial court also vacated its grant of summary judgment in favor of Relator. This writ application followed.

## Discussion

We find the pertinent issues before this Court are: (1) whether the trial court erred in granting Respondents' exception of no cause of action and (2) whether the trial court erred in granting the motion for new trial and vacating summary judgment in favor of Relator. We address each in turn.

---

[2] This Court discussed the following rights a subcontractor is afforded under the Private Works Act:

> The Private Works Act was enacted to facilitate construction of improvements on immovable property and does so by granting to subcontractors, among others, two rights to facilitate recovery of the costs of their work from the owner with whom they lack privity of contract. The first right is a statutory "claim"—the right to personally sue the owner for the amount that is owed—that is provided by La. R.S. 9:4802(A)(1); particularly, this statute provides that subcontractors have a claim against the owner and a claim against the contractor to secure payment of the price of their work. The second right is the privilege provided by La. R.S. 9:4802(B), which states that "[t]he claims against the owner shall be secured by a privilege on the immovable on which the work is performed."

*Byron Montz, Inc. v. Conco Const. Inc.,* 2002-0195, p. 6 (La.App. 4 Cir. 7/24/02), 824 So.2d 498, 502.

***Exception of No Cause of Action***

Relator asserts that the trial court erred in granting Respondents' exception of no cause of action. The trial court's grant or denial of a peremptory exception of no cause of action is reviewed *de novo*. *Herman v. Tracage Dev., L.L.C.*, 2016-0082, p. 4 (La.App. 4 Cir. 9/21/16), 201 So.3d 935, 939 (citation omitted). "The purpose of the peremptory exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition." *Scheffler v. Adams & Reese, LLP*, 2006-1774, p. 4 (La. 2/22/07), 950 So.2d 641, 646 (citations omitted). In determining whether the operative facts pled give rise to a plaintiff's right to judicially assert an action, this Court must look to the four corners of the petition. *Kelly v. Jackson*, 2023-0285, p. 5 (La.App. 4 Cir. 9/27/23), 373 So.3d 108, 111 (citation omitted). "The grant of the exception of no cause of action is proper when, assuming all well pleaded factual allegations of the petition and any annexed documents are true, the plaintiff is not entitled to the relief he seeks as a matter of law." *Green v. Garcia-Victor,* 2017-0695, p. 5 (La.App. 4 Cir. 5/16/18), 248 So.3d 449, 453 (citation omitted). "The pertinent inquiry is whether, in the light most favorable to the plaintiff and with every doubt resolved in the plaintiff's favor, the petition states any valid cause of action for relief." *Reynolds v. Bordelon*, 2014-2362, p. 6 (La. 6/30/15), 172 So.3d 589, 595.

Relator maintains the petition states a cause of action as it alleges facts consistent with an enforcement of a claim and/or privilege as: (1) the petition states

that a lien was timely filed on July 1, 2022; and (2) the petition alleges that following a satisfactory performance of the work in accordance with its contract, an outstanding balance of $13,599.28 remains due to Relator. Respondents counter that Relator failed to state a cause of action by not alleging a substantial date of completion of the Project, as required under La. R.S. 9:4822(C), which provides in pertinent part:

> C. A general contractor to whom a privilege is granted by R.S. 9:4801, and whose privilege has been preserved in the manner provided by R.S. 9:4811, shall file a statement of his privilege no later than:
>
> (1) Sixty days after the filing of a notice of termination of the work.
>
> (2) Seven months after the substantial completion or abandonment of the work, if a notice of termination is not filed.

We disagree. In granting the peremptory exception of no cause of action, the trial court relied upon *C&S Safety Sys, Inc*. v. *SSEM Corp.,* 2002-1780 (La.App. 4 Cir. 3/19/03), 843 So.2d 447. We find the trial court's reliance on *C&S Safety Sys., Inc.* inapposite as therein this Court determined a subcontractor failed to meet its burden on summary judgment in proving substantial completion of a project under La. R.S. 9:4822(C). *Id*., 2002-1780, p. 6, 843 So.2d at 451 (citation omitted). An analysis of the timeliness of Relator's claim under La. R.S. 9:4822(C) is an inquiry that is not proper for disposition through an exception of no cause of action. Although it has been determined that a date of substantial completion of a project is an essential element of a claim, where one is required to show timeliness, in

accordance with the Private Works Act; we find it is not a mandatory requirement in stating a viable cause of action.

When granting an exception of no cause of action, the trial court is tasked with assuming all well pleaded facts of the petition are true and then determining whether the plaintiff is entitled to the relief he seeks as a matter of law. *See Green*, 2017-0695, p. 5, 248 So.3d at 453. The petition asserts that "notwithstanding satisfactory performance of its obligations under the Contract…" Relator is still owed money for performance of its obligations with Respondents. Relator also alleges that it timely filed a statement of claim and/or privilege on July 1, 2022. Viewing the petition in the light most favorable to Relator, we find it states a valid cause of action for an enforcement of a claim and/or privilege under the Private Works Act. Relator alleges it satisfactorily completed its obligations under the contract and Respondents failed to pay. Further, Relator alleges it timely filed a lien and timely mailed notice of the lien to Respondents in accordance with La. R.S. 9:4801, *et seq.*[3] Whether Relator filed its claim, in accordance with La. R.S. 9:4822(C), is an inquiry that depends on evidence presented by either Relator and/or Respondents at a later date. Accordingly, we find the trial court erred and reverse the ruling granting Respondent's peremptory exception of no cause of action.

---

[3] This revised statute governs claims filed in accordance with the Private Works Act.

6

### *New Trial on Motion for Summary Judgment*

Relator also maintains the trial court erred in granting Respondents' motion for new trial vacating the prior grant of summary judgment in Relator's favor. A trial court's grant or denial of a motion for new trial is reviewed under the abuse of discretion standard. *Sunset Harbour, LLC v. Brown*, 2022-0572, p. 9 (La.App. 4 Cir. 1/9/23), 356 So.3d 1167, 1173 (citation omitted). "A new trial may be granted, upon contradictory motion of any party or by the court on its own motion, to all or any of the parties and on all or part of the issues…" La. C.C.P. art. 1971. "A new trial shall be granted…" if a "verdict or judgment appears contrary to the law and the evidence." La. C.C.P. art. 1972(1).

Respondents maintain the trial court was required to hear its exceptions, pursuant to La. C.C.P. art. 929(B), prior to hearing Relator's motion for summary judgment. In its written reasons for judgment, the trial court noted that Respondents' exception should have been heard prior to Relator's motion for summary judgment. The trial court acknowledged this error was grounds for a new trial. We agree.

In accordance with La. C.C.P. art. 929(B), if a peremptory exception is filed after the answer, but prior to trial, it shall be tried and disposed of in advance of or at the trial of the case. Respondents filed an answer on October 27, 2022, and thereafter filed its exceptions two days prior to the hearing on Relator's motion for summary judgment. In the matter *sub judice*, the trial court conceded it mistakenly heard Relator's motion for summary judgment prior to Respondents' exceptions.

7

The trial court's ruling on Relator's motion for summary judgment conflicts with La. C.C.P. art. 929(B) as Respondents' exceptions should have been heard prior to the motion for summary judgment. *See* La. C.C.P. 1972(1). We therefore find the trial court did not err in granting Respondents' motion for new trial. Notwithstanding the foregoing, we acknowledge Relator's contention that the timing of Respondents' exceptions reflect an attempt to circumvent the deadlines set forth in La. C.C.P. art. 966(B)(2).[4] *See Mahe v. LCMC Health Holdings LLC*, 2023-00025, pp. 1-2 (La. 3/14/21), 357 So.3d 322. The procedural history reflects Respondents did not reply to discovery requests and failed to timely file an opposition to Relator's motion for summary judgment. Respondents' filing of exceptions after failing to file an opposition appears as an attempt to circumvent mandatory filing deadlines. Such circumstances are indicative of a discord between the timing deadlines set forth in La. C.C.P. art. 966(B)(2) and La. C.C.P. art. 929(B).Whether or not Respondents may file peremptory exceptions to remedy a failure to oppose a motion for summary judgment is beyond the scope of this writ application. *See Niang v. Dryades YMCA Sch. Of Commerce, Inc.*, 2019-0425, p. 11 (La.App. 4 Cir. 12/4/19), 286 So.3d 506, 513 ("[A]s the intermediate appellate

---

[4] La. C.C.P. art. 966(B)(2) provides, in pertinent:

> B. Unless extended by the court and agreed to by all of the parties, a motion for summary judgment shall be filed, opposed, or replied to in accordance with the following provisions:
>
> > (2) Except for any document provided for under Subparagraph (A)(4)(b) of this Article, any opposition to the motion and all documents in support of the opposition shall be filed and served on all parties in accordance with Article 1313(A)(4) not less than fifteen days prior to the hearing on the motion.

court, we are confined by the law as it exists at the time."). We find this issue best suited for our state legislature as rewriting statutes is not the role of the courts. *See Kelly v. State Farm Fire & Cas. Co.*, 2014-1921, p. 20 (La. 5/5/15), 169 So.3d 328, 340; *Harrier Enterprises, LLC v. Imbornone*, 2019-0613, p. 6 (La.App. 4 Cir. 1/29/20), 364 So.3d 396, 401. Accordingly, we affirm the trial court's judgment vacating its prior grant of summary judgment in Relator's favor.

## Decree

For the foregoing reasons, we grant the writ; reverse in part and affirm in part the trial court's January 9, 2024 judgment; and remand this matter for further proceedings.

**WRIT GRANTED;**
**REVERSED IN PART;**
**AFFIRMED IN PART;**
**REMANDED FOR**
**FURTHER PROCEEDINGS**